## Commonwealth v. Turner, Appellant.

Submitted December 9, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Mervyn R. Turk,* Assistant Public Defender, for appellant.

*Vram Nedurian, Jr.* and *Ralph B. D'Iorio,* Assistant District Attorneys, *William R. Toal, Jr.,* First Assistant District Attorney, and *Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 20, 1969:

On July 1, 1966, appellant, a juvenile, was convicted in the Court of Quarter Sessions of Delaware County of assault with intent to kill, assault with intent to ravish, burglary and larceny. Appellant's post-conviction petition attacks these convictions on the ground that the Juvenile Court failed to comply with the requirements of *Kent v. United States,* 383 U.S. 541 (1966), in certifying the proceedings to the Court of Quarter Sessions.

We do not reach the merits of appellant's claim because we find that the failure to raise the claim in a timely manner was a deliberate by-pass of available procedures and presumptively a procedural waiver under §4 of the Post Conviction Hearing Act. Although appellant was represented by counsel at all stages of

the proceedings, this contention was not raised at the certification hearing, on appeal from the certification, in a motion to quash the indictments, at trial, in post-trial motions or on direct appeal from appellant's conviction. *Freeman Appeal*, 212 Pa. Superior Ct. 422, 242 A. 2d 903 (1968), impliedly held that a certification order is appealable. The failure of appellant to attack certification, either directly or in collateral proceedings, before his conviction became final is presumptively a procedural waiver and appellant has not attempted to overcome this presumption. See *Commonwealth v. Satchell*, 430 Pa. 443, 243 A. 2d 381 (1968).

The order of the court below is affirmed.