588

James Lee GREEN, Appellant,

v.

UNITED STATES of America,
Appellee.

Walter Lee GREEN, Appellant,

v.

UNITED STATES of America,
Appellee.

Floyd KING, Appellant,

v.

UNITED STATES of America,
Appellee.

Ira Donnell WATKINS, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 105–68 to 108–68.

United States Court of Appeals
Tenth Circuit.

May 15, 1969.

Jo-Ann Fisher Corrigan, Oklahoma City, Okl., for appellants.

John E. Green, Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., Oklahoma City, Okl., on the brief), for appellee.

Before LEWIS, BREITENSTEIN and HICKEY, Circuit Judges.

LEWIS, Circuit Judge.

These cases reach us for the second time. In an earlier consideration of the cases, Green v. United States, 10 Cir., 386 F.2d 953, we set aside the convictions of each of the defendants and remanded the cases to the District Court for the Western District of Oklahoma with instructions to grant new trials. Defendants were jointly re-tried to a jury and were again convicted, Floyd King for the substantive offense of violating 18 U.S.C. § 641 and for conspiring to violate 18 U.S.C. § 641 and 18 U.S.C. § 500 in violation of 18 U.S.C. § 371, and appellants James Green, Walter Green and Ira Watkins for conspiring to violate 18 U.S.C. § 641 and 18 U.S.C. § 500 in violation of 18 U.S.C. § 371.

Although the trial court conducted these trials in compliance with our mandate and the substance of our views as expressed in our opinion we must again reverse and remand the cases for new trials. The facts developed at the instant trials are substantially the same as those set out in our earlier opinion, Green, supra, and include the admission in evidence of each defendant's extra-

judicial statements incriminating each other in varying ways and degrees. The trial court, in accord with our opinion and in compliance with Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278, carefully instructed the jury as to the limited probative purpose of the evidence. However, subsequent to the subject trials the Supreme Court has expressly overruled *Delli Paoli* and clearly held that such procedures do, under the circumstances of these cases, violate the right of cross-examination secured by the confrontation clause of the sixth amendment. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476. Although the high court has since refused to expand the compulsion of *Bruton*,[1] the decision requires reversal here.

In our earlier consideration of these cases we held that the court had not erred in the admission in evidence of oral statements made by defendants to a postal inspector and that the requirements of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 694, had been met. *Green*, supra at 956–957. Subsequent to our decision and the re-trial of defendants the Supreme Court has held that the exactitudes of *Miranda do* apply to federal interrogations of persons in state custody and not under federal arrest. Mathis v. United States, 391 U.S. 1, 88 S.Ct. 1503, 20 L.Ed.2d 381. Admittedly, in our cases, no defendant was advised "that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires." *Miranda*, supra at 479, 86 S.Ct. at 1630; *Mathis*, supra at 3–4, 88 S.Ct. 1503. Such a warning now appears to be a necessary inclusion [2] under these cases and our first opinion was in error in such regard. We now hold that the warnings given by the postal inspector did not meet the requirements of *Miranda*.

The third change in the law since our first consideration of the subject cases lies in the passage and current effectiveness of section 3501 of Title II of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 3501. We express no present opinion as to the potential application of that Act to further trials in these cases.

The judgments are reversed and remanded with instructions to grant new trials.

---

1. *See* Frazier v. Cupp, 393 U.S. 821, 89 S.Ct. 222, 21 L.Ed.2d 93, dec. April 22, 1969.

2. We must admit to continuing confusion concerning the procedure for appointment of attorneys for persons not under federal arrest.