**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Richard Earl SMITH, Defendant-
Appellant.**

**No. 18896.**

United States Court of Appeals
Sixth Circuit.

Nov. 7, 1969.

John R. Jones, Detroit, Mich., Nicholas Smith, Detroit, Mich., on brief, for appellant.

Joseph F. Deeb, Detroit, Mich., Robert J. Grace, U. S. Atty., Jerome B. Greenbaum, Asst. U. S. Atty., Detroit, Mich., on brief, for appellee.

Before McCREE and COMBS, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

Defendant-appellant, Richard Earl Smith, was indicted for aiding and abetting another in the robbery of a federally insured bank in violation of 18 U.S.C. § 2113(a) and (d). He was found guilty by a jury and was sentenced

to twenty years imprisonment. The sentence was vacated by order of this Court (December 28, 1967) and the case was remanded to district court for determination whether Smith had been advised of his right to appeal. The district court concluded that he had not been so advised, and Smith was resentenced to twelve and one-half years imprisonment. Appeal from the original conviction is now taken.

On January 19, 1967, a branch of the National Bank of Detroit was robbed of some $1,900.00. On January 24, Ralph Wesley Bailey was arrested in connection with this crime and, after questioning, named Smith as his accomplice. Acting on this information, four Detroit police officers went to Smith's one-room apartment at about 1:30 A.M. on January 25 to effectuate his arrest. At this time one of the officers purported to advise Smith of his rights but failed to tell him of his right to appointed counsel if he could not afford to retain counsel.

After arresting Smith, the officers searched the room, taking a pistol and cartridges which were concealed in a ladies' handbag near the bed. Also seized was $132.00 in currency which was on top of a phonograph in plain view; included in this money was a five dollar bill which had been taken in the robbery. During the search, Smith was asked if a certain automobile in front of the apartment was his and whether the seized money was his. To both questions he answered, "Yes." At a hearing on a motion to suppress and during the trial, Smith objected to admission into evidence of the gun, money, and his statements.

■ It is not entirely clear on what basis appellant seeks to attack the seizure and later admission into evidence of the gun, cartridges, and money. Smith was legally arrested, and the search which revealed the challenged items was properly incident to such arrest. Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947). The fact that these items may have been only "mere evidence" would not require their exclusion. Warden, Md. Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967).[1] Accordingly, we can perceive no error in the admission of this evidence.

■ Shortly before argument in this case, the Supreme Court's decision in Orozco v. Texas, 394 U.S. 324, 89 S.Ct. 1095, 22 L.Ed.2d 311 (1969), was announced. That case, interpreting Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), made it clear that a full rights warning must be given to the accused upon arrest. Since a complete warning was not given to Smith, his answers to the policemen's questions were technically inadmissible.

Courts are naturally reluctant to inquire whether admission of evidence was prejudicial when constitutional rights are in issue. It is usually a fruitless inquiry to attempt to ascertain exactly what effect particular evidence may have had on a jury. See Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). However, in the present case, it is obvious that Smith's admissions were not prejudicial. The ownership of the car he was asked about was largely irrelevant to the case. The car was never specifically identified or used as part of the Government's case. Smith's admitted ownership of the money was likewise harmless since the money was in his possession. It was clearly admissible as evidence and would have been attributable to him whether he acknowledged it or not. Thus, while there may have been a technical violation of Smith's rights, it is clear beyond a reasonable doubt that the error did not contribute to the verdict.

Judgment affirmed.

---

1. Even under the "mere evidence" rule, discarded in the *Hayden* case, evidence such as weapons and fruits of crime were generally subject to seizure. Harris v. United States, *supra*, 331 U.S. at 154, 67 S.Ct. 1098.