Edward E. McHENRY, Plaintiff-
Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 205-69.

United States Court of Appeals
Tenth Circuit.

Jan. 20, 1970.

Rehearing Denied March 6, 1970.

D. Keith Anderson, Wichita, Kan. (Robert W. Kaplan and Calvin McMillan, Wichita, Kan., were with him on the brief) for plaintiff-appellant.

James F. Housley, Asst. U. S. Atty. (C. Nelson Day, U. S. Atty., was with him on the brief) for defendant-appellee.

Before MURRAH, Chief Judge, and LEWIS and HILL, Circuit Judges.

LEWIS, Circuit Judge.

This appeal is taken from an order and judgment of the United States District Court for the District of Utah denying post-conviction relief to appellant sought under 28 U.S.C. § 2255. Appellant and his codefendant brother, Carl McHenry, were convicted in 1962 on two counts of an information charging and involving bank robbery. The conviction of each was affirmed on appeal. McHenry v. United States, 10 Cir., 308 F.2d 700. The present petition reasserts several contentions considered by this court and decided adversely to appellant on direct appeal and which we believe require no further detailed discussion.[1] However, the potential impact of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, given retroactive effect in Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100, presents a new and different claim.

Leaning on the rationale of *Bruton, supra,* appellant contends that the introduction of his co-defendant brother's confession during their joint

1. The sufficiency of the evidence to support conviction for "aggravated" robbery and the factual and constitutional basis for the admission of appellant's confession, although considered on direct appeal under 1962 standards, are issues not controlled by any later relevant Supreme Court decision having retroactive effect.

trial when both were represented by the same attorney violated appellant's sixth amendment right to effective confrontation of witnesses. The argument has initial appeal for there can be no doubt that the damning effect of an incriminating confession of a codefendant admitted during a joint trial involving, as here, a count for conspiracy, can either block actual confrontation and the right to cross-examination, as in *Bruton* and *Green v. United States*, 10 Cir., 411 F.2d 588, or impede the effective confrontation and cross-examination of a testifying witness because of the high potential of a conflict of interest in the representation by single counsel in joint trials. *See* Fryar v. United States, 10 Cir., 404 F.2d 1071. However, the compulsion of *Bruton* is limited and although an accused may actually be deprived of the right to confrontation such denial may be but harmless error. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284. So, too, codefendants may have effective representation by a single attorney under circumstances that negative a conflict of interest. Each issue must be considered under the totality of circumstances that prevailed during all the pre-trial and trial proceedings. In the case at bar it is undisputed that appellant was not denied actual confrontation of his brother as a witness and we are convinced that the record reflects effective confrontation through a mutuality of interest between the codefendants rather than a conflict of interest.

■ Both appellant and his brother confessed to the subject robbery, appellant admitting he held up the bank at gunpoint and Carl to planned assistance in the getaway. The two brothers were allowed to consult privately before the confessions were made and thereafter both gave almost identical accounts of the crime. Before signing written statements the two again consulted privately and agreed upon and insisted on making certain corrections in the statements. At hearing on motions to suppress, both asserted the confessions to have been coerced from the same projections of background facts. At trial, each brother testified and repudiated his confession as untrue. Since each confession had implicated the other the trial testimony of each attempted to aid the other.

*Bruton* is thus easily distinguishable from the case at bar. There the admitted confession was that of a non-testifying defendant; here the confessor testified. There the appellant did not confess; here he did, a circumstance said to negate the "devastating" risk attendant to a single hearsay confession. United States ex rel. Catanzaro v. Mancusi, 2 Cir., 404 F.2d 296, 297, 300. We conclude that appellant was not constitutionally prejudiced by the admission of his brother's confession and was denied neither actual confrontation of an incriminating witness nor effective confrontation of that witness in view of the continued and planned cooperation between the codefendants.

Affirmed.