**UNITED STATES of Amercia ex rel. Emile A. TURNER, H-6528, Appellant,**

**v.**

**Alfred T. RUNDLE, Supt.**

**No. 18480.**

United States Court of Appeals, Third Circuit.

Submitted May 8, 1970.

Argued Oct. 20, 1970.

Decided Jan. 26, 1971.

Paul Bender, Philadelphia, Pa., for appellant.

Vram Nedurian, Jr., Asst. Dist. Atty., Media, Pa., for appellee.

Before FREEDMAN, SEITZ and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

VAN DUSEN, Circuit Judge.

This appeal challenges a district court order denying a writ of habeas corpus. Relator and one Leonard Dennis were taken into custody on April 7, 1966, in connection with the assault on a woman on April 3, 1966. Relator was 16 years of age at the time.

At the police station, officers asked the suspects if they wished to make a statement. At first relator refused, saying that his mother would arrive with an attorney for him. Relator was placed in a separate room. His companion then confessed, implicating him. Told of the confession, relator whispered to one of the officers that he wanted to make a statement. Before his confession, relator was advised that he had a right to an attorney and that any statements he made could be used against him. However, he was not advised that he was entitled to free counsel.[1]

Proceedings against relator commenced in Juvenile Court on April 15, 1966. The court heard testimony from one witness, a police officer, who described the scene following the crime and the subsequent investigation. Then, the Juvenile Court stated that the "serious nature" of the crime justified waiver of juvenile jurisdiction and certification to adult court.[2] Relator and Dennis were indicted on June 8, 1966. On June 24, 1966, a pre-trial hearing was held to consider their claim that the confessions were involuntary. Relief was denied on the grounds that they had been adequately advised of their constitutional rights. A jury trial was held in the Court of Quarter Sessions of Delaware County and on July 1, 1966, relator was convicted of assault with intent to kill, assault with intent to ravish, burglary, and conspiracy. After dismissal of a motion for new trial, he was sentenced to 7½ to 15 years imprisonment on February 12, 1967. No appeal was taken. Relator filed his first Post Conviction Hearing Act petition on August 16, 1967. He contended that the introduction into evidence of the confession was improper on the ground that (1) he was not represented by counsel, (2) the confession was coerced, (3) his privilege against self-incrimination was infringed, and (4) the evidence was obtained as a result of an unlawful arrest, in that no warrant was issued. The petition was denied without a hearing. The court stated that the issue with respect to the arrest had been waived and the issues with respect to the voluntariness of the confession had been considered by the court, both at the time of the suppression hearing and at the time of the motion for new trial.[3] No appeal was taken from the denial. On February 26, 1968, relator filed a second petition under the Post Conviction Hearing Act, alleging that the waiver to adult court was improper under Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), and that his confession was illegally introduced into evidence because obtained in the absence

---

1. The Commonwealth's testimony and Exhibit 6 indicate relator was not advised of his right to free counsel. Record at 119–121 and Exhibit No. 6. See note 29, *infra.*

2. N.T. 10 of *In re Turner and Dennis* (Juvenile Court of Delaware County, April 15, 1966). See Act of June 2, 1933, P.L. 1433 § 18, 11 P.S. § 260 (1965).

3. Commonwealth v. Turner, Nos. 375–380 (Criminal Court of Delaware County, September 29, 1967).

of counsel. A hearing was held on May 17, 1968. On July 3, 1968, the juvenile judge who had certified the relator filed a memorandum opinion setting forth his reasons for having waived juvenile jurisdiction two years previously.[4] On July 24, 1968, the Post Conviction Hearing Act petition was dismissed "sur the Memorandum Opinion of Bloom, J., filed July 2, 1968." [5] The denial was affirmed by the Superior Court of Pennsylvania on the ground that relator had waived his rights under *Kent, supra,* by not raising them at an earlier time.[6] Allocatur was denied by the Supreme Court of Pennsylvania on June 11, 1969. Subsequently, relator filed a petition for a writ of habeas corpus in the United States District Court, claiming that his constitutional rights under *Kent* were violated and that his confession should not have been admitted into evidence in the absence of counsel or a waiver of counsel. The district court did not hold an evidentiary hearing and, by order of November 12, 1969, denied the writ on the grounds that relator had waived his *Kent* claims and had not exhausted his state remedies with regard to his "contentions concerning his confession." [7] Relator then appealed from such denial to this court.

## I. THE CERTIFICATION PROCEEDINGS

Relator claims that he was not given due notice of the certification hearing and that he was not granted the right to present evidence, time for an adequate review of his social record, or the right to cross-examine witnesses. Moreover, he claims that certification took place without an adequate statement of reasons therefor. Relator maintains that these procedures violated constitutional guarantees set forth in Kent v. United States.

Opinion is split as to whether *Kent's* holdings are of constitutional dimension or whether they are limited to cases in the District of Columbia courts.[8] The language of that decision is not entirely clear.[9] However, it is our view that

---

4. The judge reviewed at length the increasingly brutal nature of various crimes for which relator had appeared before Juvenile Court prior to April 3, 1966, and also the details of the crime for which he was certified. Then he stated, "It was from the testimony presented at the hearing on April 15, 1966, and from a review of the juvenile reports that we felt that his matter was of such serious nature that the case should be certified to the Quarter Sessions Court of Delaware County." Commonwealth v. Turner, No. 375, etc. (Criminal Court of Delaware County, July 2, 1968).

5. Commonwealth v. Turner, No. 375, etc. (Criminal Court of Delaware County, July 24, 1968).

6. Commonwealth v. Turner, 214 Pa.Super. 48, 251 A.2d 684 (1969).

7. United States ex rel. Turner v. Rundle, Misc. No. 69–414 (E.D.Pa., 11/12/69).

8. In *Kent* the Supreme Court was faced with a challenge to a waiver proceeding held in the District of Columbia Juvenile Court pursuant to provisions of the Juvenile Court Act of the District of Columbia. That Act provides that if "a child sixteen years of age or older is charged with an offense which would amount to a felony in the case of an adult, or any child charged with an offense which if committed by an adult is punishable by death or life imprisonment, the judge may, after full investigation, waive jurisdiction. * * *" D.C.Code § 11–914 (1961), now § 11–1553 (Supp. IV, 1965). The Pennsylvania statute provides, "Whenever any child, being above the age of fourteen years, has been held by any magistrate, alderman or justice of the peace for any offense, other than murder, punishable by imprisonment in a State penitentiary, the judge of the juvenile court having jurisdiction, if, in his opinion, the interests of the State require a prosecution of such case on an indictment, may certify the same to the district attorney of the county, who shall thereupon proceed with the case * * * as though the jurisdiction of the juvenile court had never attached." Act of June 2, 1933, P.L. 1433 § 18, 11 P.S. § 260 (1965).

9. For example, the Court stated at one point:
   This concern, however, does not induce us in this case to accept the invitation to rule that constitutional guaranties which would be applicable to

---

841

*Kent*, particularly in light of the Supreme Court's subsequent opinion in In Re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), sets forth certain principles of constitutional dimension. The Court stated in *Kent* that the waiver of jurisdiction is a "critically important action" and held that "as a condition to a valid waiver order, petitioner was entitled to a hearing, including access by his counsel to the social records and probation or similar reports which presumably are considered by the court, and to a statement of reasons for the Juvenile Court's decision.[10] We believe that this result is required by the statute read in context of constitutional principles relating to due process and the assistance of counsel" (383 U.S. 556, 557, 86 S.Ct. 1055). Noting that a certification hearing does not necessarily have to conform with "all of the requirements of a criminal trial or even of the usual administrative hearing," the court declared that it "must measure up to the essentials of due process and fair treatment" (383 U.S. at 562, 86 S.Ct. at 1057). Subsequently, in *In re Gault*, the Court referring to its opinion in *Kent*, stated, "Although our decision turned upon the language of the statute, we emphasized the necessity that 'the basic requirements of due process and fairness' be satisfied in such proceedings" (387 U.S. at 12, 87 S.Ct. at 1436). We think, along with the majority of courts which have expressed themselves on this issue, that *Kent* prescribes constitutional duties.[11] At the minimum, a juvenile must be given due notice of the charges against him, access to social records, the right to present evidence and cross-examine witnesses, and an adequate statement of the reasons for the certification. Furthermore, for the reasons stated in Kemplen v. State of Maryland, 428 F.2d 169 (4th Cir. 1970), we believe that the requirements of *Kent*, recognized as having constitutional dimension in *Gault*, are applicable to the 1966 certification proceedings of relator conducted after the decision in *Kent*.

The Commonwealth claims that relator deliberately bypassed state procedures by not questioning the certification hearing until the second Post Conviction

adults charged with the serious offenses for which Kent was tried must be applied in juvenile court proceedings concerned with allegations of law violation. The Juvenile Court Act and the decisions of the United States Court of Appeals for the District of Columbia Circuit provide an adequate basis for the decision of this case, and we go no further. 383 U.S. 541, 556, 86 S.Ct. 1054 (1966).

10. Later the Court stated that the waiver order must be accompanied by a statement of the reasons "with sufficient specificity to permit meaningful review. * * *" *Id.* at 561, 86 S.Ct. at 1057.

11. *See* Kemplen v. Maryland, 428 F.2d 169 (1970) ; Rice v. District of Columbia, 128 U.S.App.D.C. 194, 385 F.2d 976 (1967) (semble) ; Brown v. New Jersey, 35 U.S.L.W. 2553 (D.N.J.1967) ; In re Doe, 50 Hawaii 620, 446 P.2d 564 (1968) (by implication) ; Summers v. State, 248 Ind. 551, 230 N.E.2d 320 (1967) ; State ex rel. Londerholm v. Owens, 197 Kan. 212, 416 P.2d 259 (1966) (by implication) ; Smith v. Commonwealth, 412 S.W. 2d 256 (Ky.1967), cert. denied, 389 U.S. 873, 88 S.Ct. 162, 19 L.Ed.2d 155 ; In re Cager, 251 Md. 473, 248 A.2d 384 (1968) ; State ex rel. Arbeiter v. Reagan, 427 S.W.2d 371 (Mo.1968) ; Kline v. State, 464 P.2d 460 (Nev.1970) ; In re State in Interest of H. C., 106 N.J.Super. 583, 256 A.2d 322 (1969) (semble) ; State v. Yoss, 10 Ohio App.2d 47, 225 N.E.2d 275 (1967) ; Commonwealth ex rel. Freeman v. Superintendent, 212 Pa.Super. 422, 242 A.2d 903 (1968) ; In re Correia, 243 A.2d 759 (R.I.1968) ; State v. Piche, 74 Wash.2d 9, 442 P.2d 632, cert. denied, 393 U.S. 969, 89 S.Ct. 409, 21 L.Ed.2d 382 (1968) ; In re Winburn, 32 Wis.2d 152, 145 N.W.2d 178 (1966) ; Schornhorst, The Waiver of Juvenile Jurisdiction: Kent Revisited, 43 Ind.L.J. 583, 585 (1968) ; Welch, Kent v. United States & In re Gault: Two Decisions in Search of a Theory, 19 Hast.L.J. 29, 30 (1967). *Contra*, Stanley v. Peyton, 292 F.Supp. 209 (W.D.Va.1968) ; State v. Steinhauer, 216 So.2d 214 (Fla.1968) ; State v. Hance, 2 Md.App. 162, 233 A.2d 326 (1967) ; State v. Acuna, 78 N.M. 119, 428 P.2d 658 (1967) ; Cradle v. Peyton, 208 Va. 243, 156 S.E.2d 874 (1967), cert. denied, 392 U.S. 945, 88 S. Ct. 2296, 20 L.Ed.2d 1407 (1968).

Hearing Act petition, and thereby waived his right to raise the issue of deprivation of *Kent* rights. That position was accepted by the Superior Court, which was aided in its decision by Section 4 of the Post Conviction Hearing Act, providing for a presumption of waiver in the case of a failure to raise a claim in a timely manner.[12] The district court "adopted" the Superior Court decision and denied the petition.[13]

The question of waiver is governed in federal cases by the federal standard enunciated in Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). A waiver under that standard consists of " 'an intentional relinquishment or abandonment of a know[n] right or privilege,' and every presumption against waiver is to be indulged." [14] It is true that relator was represented by counsel during the proceedings and yet failed to raise his *Kent* contentions. However, our examination of the state records has convinced us that the record is not conclusive on the reasons for his silence. The fact that *Kent* was decided less than a month before the certification hearing offers some excuse for counsel's failure to raise the issue. Also, in the days immediately following *Kent*, and particularly before the opinion in *In re Gault* was filed on May 15, 1967, it was not clear that *Kent* was a constitutionally based decision. Moreover, there does not appear to be any strategic or tactical benefit which the relator would derive from a by-pass of the state procedures.[15] Relator has never been granted a hearing on this issue of waiver. Under the circumstances presented by this case, an evidentiary hearing in the district court is required so that the facts bearing on the issue of whether the relator "understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims [to be tried as a juvenile] in the state courts" [16] may be developed.[17]

If it is determined that relator has not waived his right to raise the *Kent* issues and that his rights under that decision have been violated, the problem arises as to how to correct the inadequacies of the original hearing. Since Turner is over 21,[18] the Juvenile Court no longer has jurisdiction over him. We shall follow the procedure adopted by the Supreme Court in *Kent* [19] and therefore direct, in the event that the district

12. Commonwealth v. Turner, 214 Pa.Super. 48, 251 A.2d 684 (1969). Section 4 of the Act contains this wording:

(b) For the purposes of this act, an issue is waived if:

(1) The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this act; and

(2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue.

(c) There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure. * * * 19 P.S. § 1180–4(b) (1964).

13. United States ex rel. Turner v. Rundle, Misc. No. 69–414 (E.D.Pa., 11/12/69).

14. Commonwealth ex rel. Linde v. Brierley, 437 F.2d 324 (3d Cir. 1970); Fay v.

Noia, 372 U.S. 391, 438–440, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); United States ex rel. Snyder v. Mazurkiewicz, 413 F.2d 500 (3d Cir. 1969).

15. *See* Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822 (1963).

16. Fay v. Noia, 372 U.S. 391, 439, 83 S. Ct. 822, 849 (1963).

17. *See* Townsend v. Sain, 372 U.S. 293, 313–314, 83 S.Ct. 745 (1963); United States ex rel. Snyder v. Mazurkiewicz, 413 F.2d 500, 503 (3d Cir. 1969); United States ex rel. Gockley v. Myers, 378 F.2d 398, 401 (3d Cir. 1967); *see also* Note, Developments in the Law: Federal Habeas Corpus, 83 Harv.L.Rev. 1113–54 (1970).

18. Relator was 21 on 8/15/70.

19. 383 U.S. 541, 564–565, 86 S.Ct. 1045 (1966).

court finds no waiver and determines that relator's constitutional rights were violated in the course of the certification proceedings, that the writ shall issue unless a hearing de novo on the issue of certification be held in the Delaware County Criminal Court within a reasonable time. If it is found that the certification to adult court was proper under the circumstances, the writ shall issue unless the state courts grant relator within a reasonable time, a new trial consistent with our ruling under II below on the *Miranda* claim. If it is determined as the result of this new certification proceeding that relator should not have been certified as an adult in April 1966, the writ shall issue unless he is released from custody promptly. See Commonwealth v. Williams, 432 Pa. 44, 56 n. 5, 246 A.2d 356, 363 n. 5 (1968).

## II. THE ALLEGED MIRANDA VIOLATION

■ Relator claims that he is entitled to a new trial because of "the admission in evidence of a statement made by him in the course of juvenile proceedings, in the absence of counsel, without a waiver of counsel joined in by the parents of the appellant."[20] This statement makes out a claim of a violation of the privilege against self-incrimination under Miranda v. Arizona,[21] but such claim was not considered by the district court because it held that relator had not exhausted his state remedies with regard to his "contentions concerning his confession."[22] The failure to take a direct appeal from the February 12, 1967, judgment of conviction and sentence may have amounted to a waiver of relator's right to raise this alleged *Miranda* violation. However, the Commonwealth neither made this contention in its answer to paragraph 11, subsection D, of the Petition (see note 21 above) nor is there any indication that this matter was argued before or presented in briefs to the district court. The district court will have the opportunity to determine whether relator has waived the right to raise such possible denial of constitutional rights under the federal standards referred to above, at page 9, at the hearing held pursuant to Part I of this opinion, if such issue is presented to it.[23] In the event the district court finds there has been such a waiver, relator's *Miranda* claim will be dismissed. However, if the district court finds there has been no waiver, the Commonwealth's contention that relator did not exhaust his state remedies on this issue must be considered. We find that relator's *Miranda* claim was raised in the second petition under the Post Conviction Hearing Act when relator checked the box next to the

20. Paragraph 11 subsection D of Petition for Habeas Corpus (filed August 18, 1969, in the United States District Court for the Eastern District of Pennsylvania, Misc. No. 69–414).

21. In Miranda v. Arizona, 384 U.S. 436, 473, 86 S.Ct. 1602, 1627, 16 L.Ed.2d 694 (June 13, 1966), the Court said:
    In order fully to apprise a person interrogated of the extent of his rights under this system then, it is necessary to warn him not only that he has the right to consult with an attorney, but also that if he is indigent a lawyer will be appointed to represent him. Without this additional warning, the admonition of the right to consult with counsel would often be understood as meaning only that he can consult with a lawyer if he has one or has the funds to obtain one. The warning of a right to counsel would be hollow if not couched in terms that would convey to the indigent—the person most often subjected to interrogation—the knowledge that he too has a right to have counsel present.

22. United States ex rel. Turner v. Rundle, Misc. No. 69–414 (E.D.Pa., Opinion of 11/12/69).

23. Since the Commonwealth has not contended in this court, either in its briefs or at oral argument, that such a waiver or deliberate by-pass of state procedures on this issue resulted from failure to appeal the February 12, 1967, sentence, particularly in light of the subsequent raising of this issue in Post Conviction Hearing Act proceedings, it may be that the Commonwealth will not request the district court to make a determination of this waiver issue.

statement indicating that his conviction resulted from "the introduction into evidence of a statement obtained in the absence of counsel at a time when representation is constitutionally required." Also, both counsel covered this point in their briefs submitted to the Pennsylvania Superior Court. Not only did question D of the Statement of Questions Involved raise this issue, but also this sentence was included at page 12 of the relator's brief:

> The record is certainly not clear that he was sufficiently informed that he was entitled to counsel and doubly certain that he was never told that such counsel would be furnished without cost if he could not afford it [citing authorities] * * *.[24]

█ It is true that the criminal court did not consider this claim.[25] Moreover, the Superior Court did not mention this issue in its opinion. Commonwealth v. Turner, 214 Pa.Super. 48, 251 A.2d 684 (1969). Likewise, the Supreme Court of Pennsylvania, which denied allocatur, did not decide the allegation on its merits. However, it is sufficient for exhaustion purposes that the relator has presented the claim to the highest state court.[26] It is not necessary that the highest state court decide the claim on its merits.[27] Here the phrase next to the checked box delineated the issue in narrow and specific enough terms to alert the courts to the possible violation of *Miranda*. All of the relevant facts were in the record.[28] Since the petition was drafted by relator, this court's statement that pro se petitions "may be inartfully drawn and therefore should be read 'with a measure of tolerance'" is applicable.[29] Furthermore, relator's counsel, who represented him for purposes of the remainder of the proceedings in the trial courts, amplified the points in his Superior Court brief as noted above. Finally, the fact that the district court has undertaken to find a waiver of the *Kent* claims without remitting relator to the state courts on that issue is a factor to be considered in evaluating exhaustion of state remedies. *Cf.* United States ex rel. Gockley v. Myers, 411 F.2d 216, 219 (3d Cir. 1969).

█ After considering all of these facts,[30] we hold that relator has exhaust-

---

24. See also Question 2 and Point 2 of appellee's brief.

25. The court stated in its order dismissing the petition that "it appear[s] that the sole issue involv[es] the propriety of Defendant's certification. * * *" Commonwealth v. Turner, No. 375, June Sess. 1966 (Criminal Court of Delaware County, July 24, 1968).

26. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953).

27. Id. at 448 n. 3, 73 S.Ct. 397. *See also* Developments in the Law—Federal Habeas Corpus, 83 Harv.L.Rev. 1038, 1096–97 (1970).

28. See 73-page transcript of hearing on Petitions to Suppress and For Severance held June 24, 1966 (No. 375–381, June Sessions 1966, Criminal Court of Delaware County, Pa.). To exhaust state remedies, relator must have posed the same ultimate legal question to both state and federal courts. *E. g.*, United States ex rel. Kemp v. Pate, 359 F.2d 749 (7th Cir. 1966). Moreover, he must have "provided that [state] court with all of the facts necessary to give application to the constitutional principle upon which [he] * * * relies." Daugharty v. Gladden, 257 F.2d 750, 758 (9th Cir. 1968). *See* Developments in the Law—Federal Habeas Corpus, 83 Harv.L.Rev. 1038, 1096–97.

29. United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969).

30. These facts make it unnecessary to consider other arguments of relator, such as (1) that the police violated the requirement under *Miranda* that interrogation must cease if the individual indicates that he wishes to remain silent, and (2) that the provisions of 19 P.S. § 1180–4(c), creating a rebuttable presumption that the failure to appeal from the judgment of conviction after trial is a knowing and understanding failure to appeal foreclosing relief under the Post Conviction Hearing Act, results in an absence of available state corrective process under 28 U.S.C. § 2254. See 19 P.S. § 1180–4(b) (1); Commonwealth v. White, 434 Pa. 69, 252

ed his state remedies. We do not find it necessary to remand for a hearing on the issue of whether relator was advised of his rights to *free* counsel, because we think the record clearly illustrates that he was not given this warning.[31] The opinion of the Supreme Court in *Miranda* clearly holds that a suspect must be informed that an attorney will be provided if he is financially unable to obtain one. Miranda v. Arizona, 384 U.S. 436, 473, 86 S.Ct. 1602; *see* note 21, *supra*. United States v. Smith, 418 F.2d 223 (6th Cir. 1969); Green v. United States, 411 F.2d 588 (10th Cir. 1969). While a suspect may waive this right, courts have held that ignorance cannot constitute a knowing and conscious waiver of a constitutionally protected right.[32]

Therefore, if it is determined that the certification order was proper, the writ must issue unless, within a reasonable time, a new trial is granted relator in the Delaware County Criminal Court, because of the improper admission into evidence of a confession taken from relator when he was without counsel, at a time when he had a constitutional right

A.2d 696 (1969); Commonwealth v. Black, 433 Pa. 150, 249 A.2d 561 (1969); *cf.* Commonwealth ex rel. Linde v. Brierley, 437 F.2d 324 (3d Cir. 1970).

31. The Commonwealth offered into evidence at trial the following transcript of statements made by Turner to Chief County Detective Maurice L. Maitland:

Do you have an attorney representing you,
Answer No
Have you asked for an attorney to represent you
Answer Not now but when my mother gets one
Do you know that you have a right to have an attorney represent you,
Answer Yes
Do you wish to make a statement to us without an attorney representing you,
Answer Yes
Do you realize that a statement can be used against you,
Answer Yes
Are you making a statement to us of your free will, voluntary, [sic]
Answer Yes

to appointed counsel and there was no waiver of that right.

The November 12, 1969, order of the district court will be vacated and the case remanded for proceedings consistent with this opinion.

\*   \*   \*   \*   \*

Do you know you have a constitutional right to
(A) Have an attorney represent you,
Answer Yes
(B) Say nothing which would incriminate you,
Remain Silent
Answer Yes
(C) Consult an attorney before saying anything to anybody
Answer Yes
R. 119–120.

32. Henry v. Williams, 299 F.Supp. 36 (N. D.Miss.1969). *See also* Moreno v. Beto, 415 F.2d 154 (5th Cir. 1969); Ledbetter v. Warden, Maryland Penitentiary, 368 F.2d 490 (4th Cir. 1966), cert. denied, 386 U.S. 971, 87 S.Ct. 1162, 18 L.Ed.2d 130 (1967). We note that relator contends in this court that because he was a juvenile relator was incapable of making a waiver of his *Miranda* rights in April 1966, in the absence of parents or counsel. The record in this case, showing that relator was ignorant of his rights under all the circumstances, makes it unnecessary to rule on this contention.