**GOVERNMENT OF THE VIRGIN ISLANDS
IN THE INTEREST OF:
FRANKLIN JOSHUA, Minor**

JDR No. 39-1976

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

July 7, 1976

HOFFMAN, *Judge*

### MEMORANDUM OPINION AND ORDER

The Government by a Motion dated June 11, 1976, moves this Court to transfer this matter to the District Court pursuant to the Court's discretionary powers under 4 V.I.C. § 176. Counsel have stipulated that the minor is sixteen years of age and that the offense charged does not involve violence upon the person of another but would constitute a felony if committed by a person 18 years of age or

over. An evidentiary hearing as to why the Court should exercise its discretion was held on June 23, 1976.

■ The statute in question here, 4 V.I.C. § 176 was amended by the Legislature on August 2, 1972. Although the statute as amended does not require the "full investigation" formerly required, it is clear from the case law that such a full investigation of the circumstances which might dictate transfer to the District Court is *constitutionally* required. In re Gault, 387 U.S. 1 at 12 (1967); Kent v. U.S., 383 U.S. 541 (1966). See also, U.S. ex rel. Turner v. Rundle, 438 F.2d 839 (1971); Govt. of V.I. v. Santana, 9 V.I. 154 (D.C.V.I. 1972). Accordingly, though 4 V.I.C. § 176 speaks in terms which might normally indicate absolute discretion on the Court's part in situations such as these, I read the constitutional requirements of the cases cited supra, especially the Kent case, into the statute. For such reasons, an evidentiary hearing was held to permit a "full investigation" by the Court of the circumstances which might dictate transfer and this Opinion will constitute the "statement of reasons" for my decision on the motion to transfer, so that "meaningful review" may be afforded.

The record in this case reveals that the instant offense involves a charge of Burglary in the third degree in which the minor was allegedly apprehended inside a service station at 2:00 a.m. The minor has been known to the Department of Social Welfare since 1970. The minor has been adjudicated delinquent on four prior occasions dating back to July of 1971 on charges of grand and petit larceny, breaking and entering, tampering with an auto and disturbing the peace. His most recent adjudications of delinquency was in May of 1976. As a result of these prior adjudications the minor is already committed to the custody of the Department of Social Welfare until his 21st birthday. Pursuant to an Order of this Court dated June 2, 1976, the

minor has been detained on the instant offense and is seen by his Social Welfare caseworker "almost daily."

The minor's personal history reflects the type of social disintegration that the Court sees all too often in juveniles' files lately. Basically, the minor "shifts for himself," living on the street, earning money as best he can, "hustling," gambling and smoking marijuana. The minor's mother is described as "somewhat less than caring" and "unable and unwilling to cope with" the minor. The caseworker perceives that the mother regards the minor as "an inconvenience she would happily be rid of." Mentally, the minor is described as being of average intelligence but with definite signs of academic retardation. A possibility of mild brain damage is indicated.

■ The Government, in urging transfer to the District Court, premises its motion on the argument that the minor will not benefit from further treatment as a juvenile and can only be rehabilitated by treatment as an adult and eventual incarceration in an adult institution. The testimony did reveal, however, that the minor probably could be rehabilitated under "ideal juvenile facilities" but that such facilities do not exist in the Territory. The Director of the Division of Social Services of the Department of Social Welfare testified that the funding necessary to provide the proper rehabilitative services to this minor is presently not available, although such funding might be forthcoming for the upcoming fiscal year.

It was clear to the Court, however, that this is not a case involving a minor who has repeatedly failed to respond to rehabilitative services provided by Social Welfare and therefore, should be transferred to the criminal justice system to be dealt with as an adult. Rather, what we have here is a minor who has been in the custody of Social Welfare for five years (and will continue in their custody for another five years) and to whom has been afforded only a

minimal amount of assistance from the Department of Social Welfare. The Court takes notice of the fact that at present there are no institutional rehabilitative facilities for juveniles in the Territory.

While it would be easy for the Court to make a finding in this matter that prior adjudications of this minor and placements with the Department of Social Welfare have not resulted in any effective rehabilitation of the minor, the Court would be hard pressed to ascribe this failure to the minor. To penalize this minor for Social Welfare's statutory omissions and shortcomings would, in the Court's opinion, be a miscarriage of justice. Additionally, the Court does find that the Government has failed to show the availability of any better rehabilitative programs to this minor if he were treated as an adult offender. Accordingly, the motion to transfer this matter to the District Court is DENIED.

■ Lastly, in view of the fact that the undersigned has presided over both the probable cause hearing in this matter and the hearing of the motion to transfer and in so doing had cause to review the factual basis of the instant charge as well as the minor's prior record, the trial of this matter shall be set down before another judge on July 14, 1976 at 9:30 a.m. in Courtroom III of the Municipal Court. Such a procedure was sanctioned by the Supreme Court in *Breed v. Jones*, 421 U.S. 519, 95 S.Ct. 1779 at 1789 (1975).

It is so ordered.