**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Helena Guterman McCOY, Defendant-Appellant.**

**No. 77–1468.**

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Feb. 17, 1978.

Decided March 10, 1978.

Certiorari Denied June 12, 1978.

See 98 S.Ct. 3073

.. 

David N. Williams, Asst. U. S. Atty., Albuquerque, N. M. (Victor R. Ortega, U. S. Atty., Albuquerque, N. M., on the brief), for plaintiff-appellee.

Jeffrey B. Steinback, Chicago, Ill. (Edward M. Genson, Chicago, Ill., on the brief), for defendant-appellant.

Before McWILLIAMS, BREITENSTEIN and DOYLE, Circuit Judges.

McWILLIAMS, Circuit Judge.

Helena Gutterman McCoy, along with seven other codefendants, was charged by indictment with conspiring to import marijuana into the United States of America from the Republic of Mexico in violation of 21 U.S.C. § 952(a) and 21 U.S.C. § 960(a)(1). McCoy pleaded not guilty and she and certain of her codefendants stood trial. After the jury had been impaneled, McCoy and her codefendants changed their pleas and the jury was discharged and the Government's witnesses were excused. It would appear that the several changes of plea resulted from plea bargaining. In any event, McCoy tendered a plea of nolo contendere, and the trial court, after extensive questioning of McCoy, accepted the plea.

McCoy was later sentenced to a term of three years imprisonment with a special parole term of five years, and the trial court also imposed a fine of $15,000.

Apparently dissatisfied with the sentence thus imposed, counsel promptly filed a notice of appeal. Counsel did not file a motion to correct or reduce sentence as permitted by Fed.R.Crim.P. 35, nor did he file a motion to withdraw the nolo contendere plea on the ground that it was involuntary and for the additional reason that the plea was taken in violation of McCoy's Sixth Amendment right to be represented by counsel of her own choosing. In other words, defense counsel did not afford the trial court the opportunity to correct its own error, if such there be. Rather he immediately filed a notice of appeal, which effectively precluded the trial court from any consideration of the correctness of its sentence or of the issues which counsel asserts here as grounds for withdrawing McCoy's plea of nolo contendere.

As authority for our considering the propriety of the nolo contendere plea without the matter ever having been presented to the trial court, counsel relies on *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). In *McCarthy* the Supreme Court under its supervisory powers set aside a plea of guilty and remanded the case so that the defendant could plead anew, and it would appear that the defendant in *McCarthy* did not file with the trial court a motion to withdraw his guilty plea. Under the authority of *McCarthy* we elect to review on its merits McCoy's claim that her nolo contendere plea was taken in violation of her Sixth Amendment right to counsel. However, to us, better practice would dictate that in the instant case McCoy should have first asked the trial court to withdraw her nolo contendere plea. Such request might have been granted, in which event there wouldn't have been the delay necessarily incurred by invoking the appellate process. And if the trial court denied McCoy's request to withdraw her plea, we would then have a record on the matter.

McCoy contends that at the time her nolo contendere plea was tendered, and accepted, she was forced to proceed with counsel not of her own choosing, in violation of her Sixth Amendment right. This is a serious charge, and of course must be examined carefully. In our view, however, the present record does not bear out the claim of counsel.

McCoy at all pertinent times was represented by two attorneys, both of record. One attorney was a resident of Chicago, Illinois, and McCoy's second attorney was local counsel in Albuquerque, New Mexico. Both names, for example, were noted on the several preliminary motions filed on behalf of McCoy. McCoy's local Albuquerque counsel also represented one of McCoy's codefendants. Such fact was known to McCoy. As indicated, the matter came on for trial, and, after the jury was impaneled, and sworn, some last minute plea bargaining ensued. The matter was continued overnight. The intent was that on the following morning McCoy and her codefendants would change their pleas. During the night McCoy's Chicago counsel became ill to the end that he could not attend the session of court where the several defendants were to change their respective pleas. McCoy was the first to be rearraigned. McCoy's local Albuquerque counsel advised the court of the illness of Chicago counsel, and further advised the court that since he represented a codefendant who was going to change his plea to one of guilty, and that inasmuch as there had been some talk that his client might conceivably be called as a witness against McCoy, should she proceed to trial, he had reservations about his further representing McCoy. The position of the United States was that any change of plea, by either McCoy or her codefendant, should take place then, or the matter should proceed to trial. McCoy herself initially indicated that she would like the matter to go over a day or two, so that her Chicago counsel, assuming his recovery from his illness, could be with her when she changed her plea. The trial judge indicated that he would like to have the matter resolved, one way or the other, at that time.

It was in this general setting that both McCoy and her local Albuquerque counsel agreed to go forward. Specifically, the trial judge asked McCoy if it was satisfactory to her that she be represented by the local Albuquerque attorney at the change of plea hearing, to which inquiry McCoy responded unequivocally in the affirmative. It was only after receiving this assurance from McCoy herself, that the trial court went forward with the rearraignment process. Before accepting the nolo contendere plea the trial judge made inquiry regarding the voluntariness of the plea, and carefully explained the rights being waived by the defendant in her change of plea. The trial judge also determined that there was indeed a very real basis in fact for the entry of a nolo contendere plea.

 Recapitulating, then, McCoy was represented at her rearraignment by local Albuquerque counsel, who was one of her two counsel of record. The claim of a conflict of interest on the part of local Albuquerque counsel was just that, a claim. It is clear that all defendants, including McCoy, were changing their pleas, and that there was not going to be any trial. Indeed, McCoy was the first defendant to be rearraigned. The trial court granted McCoy's request to be permitted to plead nolo contendere, whereas the other defendants entered an outright plea of guilty. Also, at the time of sentencing, which occurred some weeks after her rearraignment, neither McCoy nor her counsel an associate of McCoy's Chicago counsel who now represents her on appeal, gave any indication that they did not want to persist in the nolo contendere plea. Indeed, even after sentence was imposed, there was no indication of dissatisfaction with any action of the trial court. There was only a request that McCoy be granted three weeks before she be required to surrender to the Marshall. This request was granted. One week later a notice of appeal was filed. On such state of the record we fail to find a denial of McCoy's right to be represented by counsel of her own choosing. Nor does the record support a claim of conflict of interest on the part of McCoy's counsel.

Codefendants may have effective representation by a single attorney under circumstances that negative any conflict of interest, and the matter should be considered "under the totality of [the] circumstances that prevailed during all the pre-trial and trial proceedings." *McHenry v. United States*, 420 F.2d 927 (10th Cir. 1970).

As mentioned earlier, McCoy was sentenced to a term of three years imprisonment with a special parole term of five years, and a fine of $15,000. As a part of this appeal McCoy complains about the sentence thus imposed. In this regard it would appear, assuming the accuracy of the transcript, that before accepting McCoy's plea of nolo contendere the trial court advised her that under the applicable statute she could be imprisoned up to five years, fined up to $15,000, and given a special parole term of *two* years. In the latter connection the trial court imposed a special parole term of *five* years. The record before us does not explain why the trial court referred to a special parole term of two years in accepting McCoy's plea of nolo contendere, and then a few weeks later imposed a special parole term of five years. Perhaps there is an explanation. In any event, the matter can no doubt be cleared up by McCoy's filing a motion to correct or reduce sentence within 120 days after remand. Fed. R.Crim.P. 35.

 In connection with her sentence McCoy also complains that she should have been sentenced under the provisions of the general conspiracy statute, 18 U.S.C. § 371. We do not agree. The present prosecution was not brought under that section of the statute, and § 371 was not mentioned in the indictment. Rather, the present prosecution was based on a conspiracy to violate the provisions of 21 U.S.C. §§ 952(a) and 960(a)(1), which statutes were identified in the indictment. In connection therewith, 21 U.S.C. § 963 provides that a person who conspires to commit any offense described in that subchapter is punishable by imprisonment or fine, or both, which may not exceed the maximum punishment pre-

**18**

scribed for the offense which was the object of the conspiracy.

Judgment affirmed, without prejudice to McCoy's filing of a motion to correct or reduce sentence with the trial court under Fed.R.Crim.P. 35, if she be so inclined.