BILLY RAY POWELL, Appellant, v. SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 5814

December 17, 1969          462 P.2d 756

*Raymond E. Sutton,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General; *George E. Franklin, Jr.,* District Attorney, and *Addeliar D. Guy,* Deputy District Attorney, of Las Vegas, for Respondent.

## OPINION

By the Court, BATJER, J.:

Appellant was seventeen years of age when he was charged, on March 3, 1966, with burglary, carrying a concealed weapon and the violation of curfew. Thereafter, while he was free on a return agreement, he was arrested on another charge of burglary.

When the appellant appeared in Juvenile Court, on March 31, 1966, with his parents, to answer a petition which had been filed March 14, 1966, he was not represented by counsel, nor was he advised that he had a right to be represented by an attorney. The record indicates that the purpose for the hearing was to consider the charges that had been lodged against the appellant and there is no indication that the question of certification within the provisions of NRS 62.080[1] was to be considered. However, after a brief statement[2] by the judge he was certified to be tried as an adult.

---

[1]NRS 62.080: "If a child 16 years of age or older is charged with an offense which would be a felony if committed by an adult, the court, after full investigation, may in its discretion retain jurisdiction or certify the child for proper criminal proceedings to any court which would have trial jurisdiction of such offense if committed by an adult; but no child under 16 years of age shall be so certified."

[2]"COURT: When will you be eighteen, Billy?
"A. February 3rd, next year.
"COURT: You know as far as this department is concerned I think you've about run the route. I don't know what we can do for you. I'm going to certify this boy as an adult. He will be remanded to the custody of the Las Vegas Police Department for further handling."

After being certified as an adult the appellant appeared in district court with counsel, and entered a plea of not guilty. A few days later he again appeared with counsel, withdrew his plea of not guilty, and entered a plea of guilty to the charge of burglary. Before allowing the appellant to withdraw his plea of not guilty the trial judge carefully questioned him about the voluntariness of his decision to change his plea from not guilty to guilty, and his understanding of the consequences of his act. The trial judge also determined that appellant's counsel had fully discussed with him the nature of the charge and had explained to him his constitutional rights.

Although the trial judge did not specifically advise the appellant of the penalty, his counsel testified at the post-conviction hearing that he had advised the appellant of the consequences of his change of plea and the penalty which he could incur.

Sometime later, through different counsel, the appellant moved the trial court to reinstate his plea of not guilty. That motion was denied and the appeal from that denial was dismissed by this court.

On October 24, 1968, the appellant's petition for post-conviction relief was denied, and from that order he appeals on the ground that he was denied due process of law because he was not afforded a full investigation and hearing at the time he was certified to be tried as an adult; that he was without the services of an attorney at the time of certification; and that the trial judge failed to advise him of the minimum and maximum sentence which could be imposed against him upon his plea of guilty.

The appellant relies on Kent v. United States, 383 U.S. 541 (1966) and In re Gault, 387 U.S. 1 (1967), to support his contention that he was entitled to the assistance of counsel and a full investigation and hearing at the time of his certification.

While *Kent* was decided ten days before the appellant was certified, that case is not applicable because the United States Supreme Court declined to decide the *Kent* case on constitutional grounds, saying: "The Juvenile Court Act and the decisions of the United States Court of Appeals for the District of Columbia Circuit[3] provide an adequate basis for decision of this case, and we go no further."

---

[3]"E.g., Black v. United States, 122 U.S.App.D.C. 393, 355 F.2d 104 (1965) (a certification case, 'construing . . . [a District of Columbia] Act as providing a right to appointed counsel and to be informed of that right.')"

Here, however, the juvenile court did not follow NRS 62.080, and therefore committed error when it certified the appellant without a full investigation, but this error was cured when the appellant, with the advice of competent counsel, plead guilty to the charge of burglary.

It is now the established law of this state that where a guilty plea is not coerced and the defendant was competently represented by counsel at the time it was entered, the subsequent conviction is not open to collateral attack and any errors are superseded by the plea of guilty. Hall v. Warden, 83 Nev. 446, 434 P.2d 425 (1967).

In Rainsberger v. State, 81 Nev. 92, 399 P.2d 129 (1965), this court said: "A different complexion is cast upon claimed constitutional violations and other claims of error when, as here, a defendant charged with murder, has voluntarily and with the assistance of competent court-appointed counsel, entered a plea of guilty in open court. * * * The constitutional safeguards pointing to a fair trial are greatly diluted in significance, for a trial to determine the ultimate issue of innocence or guilt has been waived by the plea of guilty. The presumption of innocence has ceased to exist, and the defendant stands before the court an admitted murderer, asking mercy and understanding with respect to degree and penalty. If the plea of guilty is not itself constitutionally infirm, it would appear that one who has so confessed may not rely upon the constitution to free him. * * * Id. 95, 96, 399 P.2d 131.

* * * * *

"We hold that where, as here, one accused of murder voluntarily pleads guilty upon arraignment in open court, with the advice of competent counsel, the federal constitutional right to counsel is not violated, notwithstanding the fact that the accused, before entering his guilty plea, was without counsel when he confessed the crime and at the preliminary hearing." Id. 100, 399 P.2d 133.

Now we must determine whether *Gault* is controlling in this case. We find that it is not, because the appellant's certification hearing was held more than a year before *Gault* was decided. In Messmore v. Fogliani, 82 Nev. 153, 413 P.2d 306 (1966), this court said: "The federal constitution neither

requires nor prohibits retrospective effect. Each case must be examined with reference to the constitutional right involved. Linkletter v. Walker, 381 U.S. 618 (1965). Tehan v. United States, 382 U.S. 406 (1966)."

The United States Supreme Court in Stovall v. Denno, 388 U.S. 293 (1967), as a summary of the rules laid down in Johnson v. New Jersey, 384 U.S. 719 (1966); Tehan v. United States, supra; and Linkletter v. Walker, supra, set down the following criteria for determining whether a decision should be retroactive or given only prospective effect: "* * * (a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards."

The Supreme Court has given retroactive application to the constitutional right to the assistance of counsel where the lack of counsel affected "the very integrity of the fact-finding process" and there was present "the clear danger of convicting the innocent." Gideon v. Wainwright, 372 U.S. 335 (1963) (at the time of trial itself); Hamilton v. Alabama, 368 U.S. 52 (1961) (on arraignment); Douglas v. California, 372 U.S. 353 (1963) (on appeal).

In Messmore v. Fogliani, supra, we further stated: "As noted in Linkletter, if the constitutional principle is aimed at the fairness of the trial—the very integrity of the fact finding process—retrospective application is in order. Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); Gideon v. Wainwright, supra; Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). . . ."

Conversely, in Johnson v. New Jersey, supra, the Supreme Court held that the decisions in Escobedo v. Illinois, 378 U.S. 478 (1964), and in Miranda v. Arizona, 384 U.S. 436 (1966), would not be applied retroactively. In those two cases the lack of counsel did not directly affect the reliability of the confessions obtained during the in custody interrogations. And in Stovall v. Denno, supra, the court holding that the rules in United States v. Wade, 388 U.S. 218 (1967), and Gilbert v. California, 388 U.S. 263 (1967), are not to be applied retroactively, said: "Although the Wade and Gilbert rules also are aimed at avoiding unfairness at the trial by enhancing the reliability of the fact-finding process in the area of identification evidence, 'the question whether a constitutional rule of criminal procedure does or does not enhance the reliability of the fact-finding process at trial is necessarily a matter of degree.' Johnson v. New Jersey, supra, at 728–729.

The extent to which a condemned practice infects the integrity of the truth-determining process at trial is a 'question of probabilities.' Ibid. Such probabilities must in turn be weighed against the prior justified reliance upon the old standards and the impact of retroactivity upon the administration of justice."

When there is substantial doubt as to the reliability of a conviction the right to counsel has been applied retroactively. Here the appellant's appearance in juvenile court did not result in a finding of his guilt of the crimes with which he was charged. The juvenile court judge only determined that he should be tried in the district court as an adult. He was not deprived of his right to present defenses to the charges in district court. Since there was no finding of guilt in the juvenile court, but only a certification, the fact that the appellant was not represented by counsel at the certification hearing did not affect the reliability of the guilt determining process as it did in Gideon v. Wainwright, supra; Hamilton v. Alabama, supra; and Douglas v. California, supra.

In Cradle v. Peyton, 156 S.E.2d 874 (Va. 1967), the Supreme Court of Appeals of Virginia, in an excellent in depth analysis of the question of retrospective versus prospective application of Gault said: "In view of the justifiable reliance on the old system by the states and their law enforcement authorities, we believe public interest dictates that the change be prospective only. . . . Retroactivity of the *Gault* rules would have an equally devastating impact on the administration of criminal law. Every state would be required to void the conviction of every juvenile who was not advised of his right to be represented in juvenile court proceedings by retained counsel or, if unable to afford counsel, by court-appointed counsel. Already crowded court calendars would be further burdened by habeas corpus proceedings and, where habeas corpus is successful, by retrials. Inquiry would be handicapped by the unavailability of witnesses, by dim memories, and by the inadequacy or unavailability of juvenile court records."

In Johnson v. New Jersey, supra, the Supreme Court recognized the right of the New Jersey Supreme Court in a post-conviction proceeding to determine whether a new constitutional rule shall be applied retroactively or prospectively only. Here we apply the *Gault* decision prospectively only, from and after May 15, 1967.

In *Gault* the court said of its holding in the *Kent* case: "Although our decision turned upon the language of the statute, we emphasized the necessity that 'the basic requirements

of due process and fairness' be satisfied in such proceedings." And that this and other cases unmistakably indicate that, whatever may be their precise impact, "[N]either the Fourteenth Amendment nor the Bill of Rights is for adults alone." It is our view that *Gault* and *Kent* as interpreted in *Gault* ". . . [M]ean that the basic requirements of due process and fairness under the Fourteenth Amendment dictate that a juvenile is entitled to the assistance of retained or appointed counsel in a juvenile court hearing whether it results in a certification order or a commitment order because it is a 'critical stage' of the proceeding against him." Cradle v. Peyton, supra at 886.

We find the appellant's third contention to be without merit. Although the trial judge, who sentenced him upon his plea of guilty, did not advise him of the minimum and maximum sentence that could be imposed, he had the assistance of counsel, who at the post-conviction hearing, testified that he had advised the appellant of the possible sentence.

It is our further determination that Boykin v. Alabama, 395 U.S. 238 (1969), is not controlling, because here the trial judge determined that appellant's counsel had fully discussed with him the nature of the charge and had explained to him his constitutional rights. Moreover, at the post-conviction hearing it was established that appellant was fully advised of his rights in all material respects, including sentence, when plea was entered.

The order of the district court denying the appellant's petition for a writ of habeas corpus is affirmed.

COLLINS, C. J., ZENOFF and THOMPSON, JJ., and GEZELIN, D. J., concur.