NEAL ALLISON KLINE, APPELLANT, *v.*
STATE OF NEVADA, RESPONDENT.

No. 5682

January 27, 1970                              464 P.2d 460

*Martillaro & Bucchianeri,* of Carson City, for Appellant.

*Harvey Dickerson,* Attorney General, and *Robert F. List,* District Attorney, Carson City, for Respondent.

## OPINION

By the Court, Mowbray, J.:

In May 1968 a jury found Neal Allison Kline, who was then a juvenile, guilty of the unlawful possession of marijuana and LSD. He was sentenced to the Nevada State Prison, where he is presently confined. He has appealed from his conviction, asserting several assignments of error, only one of which we need to consider, for it is dispositive of the appeal—namely, whether Kline was lawfully certified as an adult to stand trial in the district court in accordance with the mandates announced by the United States Supreme Court in Kent v. United States, 383 U.S. 541 (1966). We find that he was not properly certified, and we reverse his conviction.

Kline was arrested in Carson City on March 30, 1968, for unlawful possession of marijuana and LSD. He was then 17 years of age. On April 5, 1968, he was taken before the juvenile division of the district court and certified "as an adult" to stand trial in the district court on the felony charge of unlawful possession of marijuana and the gross misdemeanor offense of unlawful possession of LSD. A criminal complaint was filed in the justice court on the same day; his preliminary hearing was set for May 1, at which time he was bound over to the district court for trial. He was arraigned in that court on May 6, and his trial commenced one week later, on May 13.

NRS 62.080 provides:

"If a child 16 years of age or older is charged with an offense which would be a felony if committed by an adult, the [juvenile division of the district] court, *after full investigation,* may in its

discretion retain jurisdiction or certify the child for proper criminal proceedings to any court which would have trial jurisdiction of such offense if committed by an adult; but no child under 16 years of age shall be so certified." (Emphasis added.)

In Kent v. United States, supra, at 561, the High Court, in passing on a District of Columbia statute[1] similar to our Nevada statute, had the following to say regarding the meaning of the words "full investigation" as used in the certification proceedings.

"Meaningful review requires that the reviewing court should review. It should not be remitted to assumptions. . . . It may not 'assume' that there were adequate reasons, nor may it merely assume that 'full investigation' has been made. Accordingly, we hold that *it is incumbent upon the Juvenile Court to accompany its waiver order with a statement of the reasons or considerations therefor.* . . . [T]he statement should be sufficient to demonstrate that the statutory requirement of 'full investigation' has been met; and that the question has received the careful consideration of the Juvenile Court; and *it must set forth the basis for the order with sufficient specificity to permit meaningful review.*" (Emphasis added.)

We now turn to review the specificity of the juvenile court's certification order, which reads:

"The Court having examined the files and records of the Juvenile Probation Officer and from evidence received in open Court that the subject of this petition is seventeen years of age, having been born on May 12, 1950; and having ascertained that the subject of this petition is charged with an offense which would be a felony if committed by an adult,

"IT IS HEREBY ORDERED, ADJUDGED and DE-CREED that NEAL ALLISON KLINE be certified as an adult . . . ."

It is patently clear that this order does not meet the mandates of Kent, supra, for it is completely lacking in the "specificity" which is necessary "to permit meaningful review."

---

[1]"When a child 16 years of age or over is charged with an offense which if committed by a person 18 years of age or over is a felony, or when a child under 18 years of age is charged with an offense which if committed by a person 18 years of age or over is punishable by death or life imprisonment, a judge may, *after full investigation,* waive jurisdiction and order the child held for trial under the regular procedure of the court which would have jurisdiction of the offense if committed by a person 18 years of age or over; or the other court may exercise the powers conferred upon the Juvenile Court by this chapter and subchapter I of chapter 23 of Title 16 in conducting and disposing of such cases." D.C. Code §§ 11–1553 (1961 ed., Supp. IV, 1965). (Emphasis added.)

The State, in answer to Kline's argument, urges that Kent is not applicable because Kent was not decided on "constitutional grounds." This is not true. The High Court one year later reiterated unequivocally in In re Gault, 387 U.S. 1, 30 (1967):

"In *Kent v. United States, supra,* we stated that the Juvenile Court Judge's exercise of the power of the state as *parens patriae* was not unlimited. We said that 'the admonition to function in a "parental" relationship is not an invitation to procedural arbitrariness.' With respect to the waiver by the Juvenile Court to the adult court of jurisdiction over an offense committed by a youth, we said that 'there is no place in our system of law for reaching a result of such tremendous consequences without ceremony—without hearing, without effective assistance of counsel, without a statement of reasons.' . . . We reiterate this view, here in connection with a juvenile court of adjudication of 'delinquency,' as a *requirement* which is part of the Due Process Clause of the Fourteenth Amendment of our Constitution." (Footnotes omitted; emphasis added.) Cf. Templeton v. State, 447 P.2d 158, 162 (Kan. 1968); State v. Piche, 442 P.2d 632, 635 (Wash. 1968); Powell v. Sheriff, 85 Nev. 684, 462 P.2d 756 (1969).

Since the certification of Kline as an adult by the juvenile division of the district court did not meet the standards of Kent, we hold in this case that Kline's conviction is void.

Reversed.

COLLINS, C. J., ZENOFF, BATJER, and THOMPSON, JJ., concur.