**Billy Ray POWELL, Petitioner-Appellant,**

v.

**Carl G. HOCKER, Warden, Respondent-Appellee.**

**No. 71-1118.**

United States Court of Appeals,
Ninth Circuit.

Dec. 6, 7, 8, 9, 10, 1971.

Billy Ray Powell, in pro. per.

Robert List, Atty. Gen. of Nevada, Carson City, Nev., for respondent-appellee.

Before CHAMBERS and CHOY, Circuit Judges, and MUECKE,* District Judge.

CHOY, Circuit Judge:

Billy Ray Powell was seventeen years of age when he was charged on March 3, 1966 with burglary, carrying a concealed weapon, and violation of curfew.

Several days later, Powell and his parents received a notice that they were to appear on March 31, 1966 in the Juvenile Court of Clark County, Nevada. The purpose of the hearing, as announced in the notice, was "consideration" of the charges.

The Powells appeared on the designated date, without an attorney representing them. They were not told that Powell was entitled to counsel. After a brief statement,[1] the juvenile court judge certified Powell to be tried as an adult. This decision was made without an investigation required by Nevada law.[2]

Powell was represented by counsel when, in adult criminal court, he pleaded guilty to a charge of burglary. He was sentenced to a term of one to fifteen years.

Powell made two attacks on his conviction by appeal and by petition for habeas corpus to the Nevada Supreme Court. In the decision pertinent here,[3] the Nevada Supreme Court denied Powell's claim that he was deprived of the right to counsel at the certification hearing.

He then petitioned the United States District Court for a writ of habeas corpus. He appeals from a denial of the writ. We reverse and remand with instructions.

The Nevada Supreme Court held that Powell's claim should be denied because In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), which held that due process and fairness require assistance of counsel, adequate notice, and a statement of reasons, does not apply retroactively to certification hearings for juveniles, which were conducted before that decision.

The District Court did not reach the issue of *Gault's* retroactivity; instead, the court held that, by reason of his guilty plea, Powell waived his right to complain of the denial of counsel.

---

\* The Honorable C. A. Muecke, United States District Judge, District of Arizona, sitting by designation.

1. The judge asked Powell when he would be eighteen years old. After the latter responded that his birthday was eleven months away, the judge stated: "You know as far as this department is concerned I think you've about run the route. I don't know what we can do for you. I'm going to certify this boy as an adult. He will be remanded to the custody of the Las Vegas Police Department for further handling."

2. NRS 62.080 provides:
    If a child 16 years of age or older is charged with an offense which would be a felony if committed by an adult, the court after full investigation, may in its discretion retain jurisdiction or certify the child for proper criminal proceedings to any court which would have trial jurisdiction of such offense if committed by an adult; but no child under 16 years of age shall be so certified.

3. Powell v. Sheriff, Clark County, 85 Nev. 684, 462 P.2d 756 (1969).

We hold that *Gault* does apply retroactively and that Powell did not waive his right to counsel by pleading guilty in the adult criminal court.

## RIGHT TO COUNSEL AND TO NOTICE AT CERTIFICATION HEARING

█ A hearing to determine whether a juvenile should be tried as an adult is a critical stage in the criminal proceedings wherein an adolescent risks losing his claim to juvenile rehabilitative treatment. "Juvenile status is, in effect, a basis upon which a youthful offender can plead diminished responsibility for his unlawful act." Kemplen v. State of Maryland, 428 F.2d 169, 175 (4th Cir. 1970).

█ The standards of due process in juvenile proceedings are intended to ensure that a youth who comes before the juvenile court receives a full and fair hearing on the appropriateness of treating him as a juvenile or an adult.

In Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), which was decided approximately three weeks before Powell was certified for trial as an adult, the Supreme Court interpreted a District of Columbia statute to require counsel and adequate notice of hearing to determine whether a juvenile should be tried as an adult. It is not self-evident from *Kent* whether these requirements inhere in the constitutional mandate of due process. However, *Gault* contains the following language which indicates that the rights of juveniles at such hearings have a constitutional basis:

> "In Kent v. United States . . . we considered the requirements for a valid waiver of the 'exclusive' jurisdiction of the Juvenile Court of the District of Columbia so that a juvenile could

be tried in the adult criminal court of the District. Although our decision turned upon the language of the statute, we emphasized the necessity that 'the basic requirements of due process and fairness' be satisfied in such proceedings." [383 U.S. at 553, 86 S.Ct. at 1045] In re Gault, 387 U.S. at 12, 87 S.Ct. at 1436.

> " . . . With respect to the waiver by the Juvenile Court to the adult court of jurisdiction over an offense committed by a youth, we said that 'there is no place in our system of law for reaching a result of such tremendous consequences without ceremony —without hearing, without effective assistance of counsel, without a statement of reasons.' [383 U.S. at 554, 86 S.Ct. at 1045] We announced with respect to such waiver proceedings that while 'We do not mean . . . to indicate that the hearing to be held must conform with all of the requirements of a criminal trial or even of the usual administrative hearing; but we do hold that the hearing must measure up to the essentials of due process and fair treatment.' [383 U.S. at 562, 386 S.Ct. at 1045] We reiterate this view . . . as a requirement which is part of the Due Process Clause of the Fourteenth Amendment of our Constitution." In re Gault, 387 U.S. at 30, 31, 87 S.Ct. at 1445.

█ This language makes it clear that due process requires the rights to counsel, to adequate notice and to a statement of reasons at a hearing to determine whether a juvenile is to be tried as an adult. We join a growing list of courts that interpret *Kent* in the light of *Gault* as establishing certain minimum constitutional rights of juveniles at such hearings.[4]

---

4. *See* United States ex rel. Turner v. Rundle, 438 F.2d 839 (3rd Cir. 1971); Kemplen v. State of Maryland, 428 F.2d 169 (4th Cir. 1970); Brown v. New Jersey, 35 U.S.L.W. 2553 (D.N.J.1967); In re Doe, 50 Hawaii 620, 446 P.2d 564 (1968) (by implication); Summers v.

State, 248 Ind. 551, 230 N.E.2d 320 (1967); Smith v. Commonwealth, 412 S.W.2d 256 (Ky.1967), cert. denied, 389 U.S. 873; In re Cager, 251 Md. 473, 248 A.2d 384 (1968); State ex rel. Arbeiter v. Reagan, 427 S.W.2d 371 (Mo.1968); Kline v. State, Nev., 464 P.2d 460 (1970);

The wisdom—indeed, the necessity—of this doctrine is vividly illustrated by the distinct disregard for Powell's rights when, contrary to the procedure required by Nevada law, the juvenile court judge certified Powell for trial as an adult offender without the benefit of any investigation.[5] The assistance of counsel itself should deter such perfunctory treatment of juveniles in the future.

## RETROACTIVITY

■ The certification of Powell for trial as an adult antedated the decision in *Gault*. It is, therefore, necessary to determine whether *Gault* is to be applied retroactively.[6]

There is a split of authority on the issue in various jurisdictions.[7] However, the Supreme Court itself has declared:

"The right to counsel at the trial (Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799) on appeal (Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811) and at the other 'critical' stages of the criminal proceedings (Hamilton v. Alabama, [368 U.S. 52, 82 S.Ct. 157, 7 L. Ed.2d 114]) have all been made retroactive, since the 'denial of the right

must almost invariably deny a fair trial.'" Arsenault v. Massachusetts, 393 U.S. 5, 89 S.Ct. 35, 36, 21 L.Ed.2d 5 (1968).

The retroactivity issue turns on whether the rights to counsel, to adequate notice and to a statement of reasons are essential to the integrity of the certification process. The Supreme Court, in Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 1970, 18 L.Ed.2d 1199 (1967), set out the criteria for deciding this question in particular situations: "(a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards." 388 U.S. at 297, 87 S.Ct. at 1970.

The role to be played by counsel at a juvenile certification hearing is a crucial one. As pointed out in Kemplen v. State of Maryland, 428 F.2d 169, 177 (4th Cir. 1970), the hearing is "the only opportunity an accused has to plead the defense of his diminished responsibility as a juvenile." Counsel for the juvenile is in a special position to present to the juvenile court such material considerations as mitigating facts in the background of

In re State in Interest of H. C., 106 N.J.Super. 583, 256 A.2d 322 (1969) (semble); State v. Yoss, 10 Ohio App. 2d 47, 225 N.E.2d 275 (1967); Commonwealth ex. rel. Freeman v. Superintendent, 212 Pa.Super. 422, 242 A.2d 903 (1968); In re Correia, 243 A.2d 759 (R. I.1968); State v. Piche, 74 Wash.2d 9, 442 P.2d 632 (1968), cert. denied 393 U.S. 969, 89 S.Ct. 409, 21 L.Ed.2d 382; In re Winburn, 32 Wis.2d 152, 145 N.W. 2d 178 (1966).

5. The Nevada Supreme Court, since deciding Powell v. Sheriff, 85 Nev. 684, 462 P.2d 757 (1969), has required adherence in a juvenile certification proceeding to the standards of *Kent, supra*. Kline v. State, 86 Nev. 59, 464 P.2d 460 (1970).

6. United States ex rel. Turner v. Rundle, 438 F.2d 839 (3rd Cir. 1971), involved a situation similar to the instant case; a juvenile's certification hearing took place approximately five weeks after *Kent, supra*, was decided. The Court

of Appeals for the Third Circuit did not reach the issue of *Gault's* retroactivity. Id. at 842.

However, we believe that the uncertain state of the law at the time of Powell's hearing—after *Kent* but prior to Gault, requires that we deal with the retroactivity of *Gault*.

7. *Gault* has been applied retroactively in the following cases: Kemplen v. State of Maryland, 428 F.2d 169 (4th Cir. 1970); Heryford v. Parker, 396 F.2d 393 (10th Cir. 1968); Marsden v. Commonwealth, 352 Mass. 564, 227 N.E.2d 1 (1967); Smith v. Commonwealth, 412 S.W.2d 256 (Ky.1967) (semble); Contra: Mordecai v. United States, 421 F.2d 1133 (D.C.Cir. 1969); Commonwealth v. James, 440 Pa. 205, 269 A.2d 898 (1970); Brumley v. Charles R. Denney Juvenile Center, 77 Wash.2d 702, 466 P.2d 481 (1970); Stanley v. Peyton, 292 F.Supp. 209 (W.D.Va.1968); In re Harris, 67 Cal.2d 876, 64 Cal.Rptr. 319, 434 P.2d 615 (1967); Cradle v. Peyton, 208 Va. 243, 156 S.E.2d 874 (1967).

the youth, his potential for rehabilitation, the availability in the particular community of alternative modes of rehabilitation, and otherwise ensure that full regard be accorded the particular situation of each juvenile offender.

The reliance of law enforcement agencies on the pre-*Gault* rule may be substantial and the number of juveniles who have been improperly certified as adult offenders large, but these considerations do not outweigh the basic constitutional rights of offenders such as Powell.

Thus, we hold that *Gault* is to be applied retroactively to hearings to certify juveniles for trial as adults.

### WAIVER

In Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), the Supreme Court ruled that a waiver constitutes "an intentional relinquishment or abandonment of a known right or privilege" and "every presumption against waiver" is to be indulged. 304 U.S. at 464, 58 S.Ct. at 1023. We have held that a guilty plea effects only a limited waiver: "When a defendant voluntarily and knowingly pleads guilty at his trial this constitutes a waiver of all non-jurisdictional defenses . . . " Thomas v. United States, 290 F.2d 696, 697 (9th Cir. 1961).

The jurisdiction of an adult criminal court to try a juvenile as an adult is predicated on the proper certification of the juvenile by the juvenile court. In Nevada, the requirement of a full investigation at the certification hearing is necessary to confer jurisdiction on the adult criminal court. Thus, Powell's guilty plea here does not amount to a waiver of the jurisdictional defects affecting the proceedings by which he was convicted and sentenced.

Moreover, his plea of guilty cannot be deemed a waiver based on full knowledge of his constitutional rights. The plea was made only three weeks after the decision in *Kent*; the constitutional underpinnings of *Kent* had not yet been specified by *Gault*. Counsel for Powell, in advising the latter to enter a guilty plea, could not be expected to have informed his client of rights, the status of which was then still nascent. [8]

We hold, therefore, that Powell's guilty plea did not constitute a waiver of his rights to counsel, to adequate notice and to a statement of reasons, based on *Kent* and *Gault*.[9]

### REMEDY

In fashioning a remedy to vindicate Powell's constitutional rights, we are aware that hindsight is a poor sub-

---

8. The Supreme Court has recently held that a guilty plea constitutes a waiver of certain constitutional defects. Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970). Moreover, the Court made it clear that a plea is not rendered involuntary solely because defense counsel failed to foresee constitutional developments which subsequently made a defendant's confession appear to be involuntary. The Court stated:

"Waiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts." McMann v. Richardson, 397 U.S. at 770, 90 S.Ct. at 1448.

However, we think the instant case is not controlled by the above trilogy of

cases. The right to counsel involved here is accorded a fundamental place in the list of constitutional rights. The standard for waiver of right to counsel must be more exacting than to permit the right to be lost by an inadvertent guilty plea, made without full appreciation of the right being lost. Powell's loss of that right is certainly more serious than in *McMann*, where the "lost" right was a chance to challenge the voluntariness of a confession, which had long since been determined on the basis of facts extremely difficult to reconstruct.

*Cf.* Wilson v. Reagan, 354 F.2d 45 (9th Cir. 1965), wherein this court ruled that a juvenile who was not represented by counsel at a hearing to certify him for trial as an adult was entitled to challenge the adequacy of his attorney's advice to plead guilty in adult criminal court.

9. Contra: Acuna v. Baker, 418 F.2d 639 (10th Cir. 1969).

stitute for the proper hearing that should have been conducted in 1966. A new hearing should be held to determine whether, at the time, Powell was appropriate for treatment as a juvenile or as an adult.[10] If it is decided that certification to the adult criminal court was not appropriate, then Powell must be released from detention. He is now past the age of majority, which limits the time that juvenile rehabilitation may be ordered.

If Powell's treatment as an adult offender is newly determined to have been appropriate, his guilty plea must be vacated for it was not knowingly and voluntarily given.[11]

Reversed and remanded for further proceedings in conformity herewith.

---

10. At the certification hearing,
"The Juvenile Court may well decide that a hearing at this late date to determine whether . . . waiver [of juvenile jurisdiction] would have been proper more than two years ago is so artificial as to be meaningless. Certainly we cannot gainsay the difficulty of determining what rehabilitative strategy might then have worked, and whether resources were then available to implement any such strategy. If the Juvenile Court so concludes, the indictment must be dismissed." Haziel v. United States, 404 F.2d 1275 (D.C.Cir. 1968). Such a practice may be called for in the instant case, as well. It would not be inconsistent with our ruling today for the juvenile court judge to decide that a certification hearing five years after the fact would not be a realistic event. Powell's release would then be advisable.

11. Retrial for the offenses originally charged may be appropriate, but only if a certification hearing is held de novo. Cf. Price v. Georgia, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970); North Carolina v. Pearce, 395 U.S. 711 (1969); Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). See James v. Cox, 323 F.Supp. 15, 22–24 (E.D.Va.1971).