**v.**

**The STATE of Texas, Appellee.**

No. 15402.

Court of Civil Appeals of Texas, San Antonio.

March 12, 1975.

Melvin N. Eichelbaum, San Antonio, for appellant.

Ted Butler, Criminal Dist. Atty., Charles Conway, Larry Linnartz, Douglas C. Young, Asst. Criminal Dist. Attys., San Antonio, for appellee.

KLINGEMAN, Justice.

This is an appeal from an order of the 166th District Court of Bexar County, sitting as a juvenile court, wherein the court waived its jurisdiction over appellant, R. K. M., as a juvenile, certified him as an adult for criminal proceedings, and transferred him to the 186th District Court, sitting as the Presiding Criminal District Court.

Appellant was a juvenile of the age of approximately 15 years and 11 months at the time of the alleged offense, and at this time is 17 years old. The alleged offense occurred on September 25, 1973, and shortly thereafter, appellant was picked up and placed in detention. On October 2, 1973, an attorney was appointed to represent him. The State, on October 10, 1973, filed its motion to certify and transfer the cause, pursuant to Section 54.02 of the Tex. Family Code Ann., V.T.C.A. (1975). Appellant was "notified" of the transfer hearing and instructed to appear before said court, by means of a summons, served upon him on July 12, 1974. On August 6, 1974, the trial court entered its order waiving its jurisdiction and certifying appellant as an adult for criminal proceedings.

Appellant urges two points of error: (1) This case should be reversed because the State failed to properly notify appellant of the purpose of the transfer hearing, in that the mandatory requirements of Section 54.-02(b) of the Tex.Family Code Ann. (1975) were not satisfied, thereby violating the child's rights to due process of law under the Texas Family Code and the 14th Amendment to the United States Constitution. (2) This case should be reversed because the trial court erred in finding that appellant waived all constitutional and statutory rights, including his right to proper notice.

Section 54.02 of the Tex. Family Code Ann. (1975) [1] sets forth the statutory considerations, criteria, procedure, and requirements that are to be applied in juvenile cases involving waiver of jurisdiction by the juvenile court and transfer of the child to criminal district court for trial as an adult. The notice requirements are delineated in Section 54.02(b), which states: "The petition and notice requirements of Sections 53.04, 53.05, 53.06, and 53.07 of this code *must* be satisfied, *and the summons must state that the hearing is for the purpose of considering discretionary transfer to criminal court.*" (Emphasis added).

The summons served upon appellant to notify him of the transfer hearing stated: "The purpose of the hearing at the above date and time is to consider waiver of jurisdiction and discretionary transfer." There is no mention of the phrase "to criminal court" anywhere in the summons. The State concedes that the summons does not strictly comply with the wording of the statute, but contends that there was substantial compliance, in that there was attached to the summons a copy of the petition,[2] which specifically sets forth the charges against appellant, and that these documents were sufficient to apprise appellant of the matters to be considered at the hearing and were served in ample time for preparation of his defense. The State

---

1. Effective September 1, 1973, the Texas Legislature repealed the old juvenile statute, Article 2338-1, et seq., Tex.Rev.Civ. Stat., and replaced it with a new one, Title 3, Chapter 51, et seq., relating to delinquent children, which is a part of what is known as the Texas Family Code. The new statute was in effect at all times during the proceedings relating to appellant's arrest, detention and transfer.

2. The statute provides that a copy of the petition must accompany the summons. Section 53.06(b), Tex.Family Code Ann. (1975). Section 54.02(b) incorporated all the mandatory requirements of notice contained in Sections 53.04, 53.05, 53.06 and 53.07. Nevertheless, in knowing that a copy of the petition would be attached because Section 53.06 (b) is mandatorily incorporated into Section 54.02(b), the legislature additionally stated: ". . . the summons *must state* that the hearing is for the purpose of considering discretionary transfer *to criminal court*." (Emphasis added).

also urges that such notice complies with due process for notice as set forth in In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); and that, therefore, it was unnecessary to track the statute.

We see no reason not to adhere to the clear and unambiguous provisions of Section 54.02(b). The statute provides that the summons must state that the hearing is for the purpose of considering discretionary transfer to criminal court. The summons here did not do so. We are not inclined to hold that the word "must" as used in the statute means "perhaps," "maybe," "sometime," or "substantially." It is an easy matter to track the language of the statute and to do so would not work a hardship on anyone. We are not persuaded by the State's contention that the summons meets the requirements of due process for notice as set in In re Gault, *supra*, and that this is all that is necessary. While *Gault* establishes a rudimentary floor of due process guarantees with respect to adequate and proper notice, it in no way restricts the legislature from going beyond this and achieving a higher plane by enacting additional notice requirements aimed at further protecting a juvenile's due process rights.[3] The Texas Legislature has done this under Section 54.02(b) of the Tex.Family Code Ann. (1975), and we hold that the mandatory language of the statute must be followed.

It is unnecessary to consider appellant's second point of error because the State concedes that there was no waiver by appellant.[4]

The judgment is reversed and the cause remanded to the trial court.

3. A hearing to determine whether a juvenile shall be tried as an adult in a criminal proceeding is a critical stage in the proceedings. Powell v. Hocker, 453 F.2d 652 (9th Cir. 1971).

4. See Section 53.06(e), Tex.Family Code Ann. (1975).