TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00509-CV







Mary Zimmerman, Appellant



v.



Robert Brett Massoni, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 97-04297, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING







 Mary Zimmerman appeals from a trial court judgment that she take nothing by her
personal-injury action against Robert Brett Massoni. We will affirm the judgment.


THE CONTROVERSY


 Zimmerman sued Massoni in a negligence action to recover damages for personal
injuries sustained in an automobile collision that occurred in Austin on April 28, 1995. 
Zimmerman filed her original petition on April 9, 1997, but Massoni was not served with citation
until September 2, 1997. Unless tolled by the filing of Zimmerman's petition, the two-year
limitations period expired on April 28, 1997, and her action was barred. See Tex. Civ. Prac. &
Rem. Code Ann. § 16.003(a) (West Supp. 2000). Whether the statute of limitations was tolled
depends upon whether Zimmerman exercised reasonable diligence in effecting service of citation
upon Massoni after suit was filed.

 The jury were asked the following question and answered as indicated:


Did Mary Zimmerman exercise due diligence to have Robert Brett Massoni served
with process of the Plaintiff's Petition?


The duty to exercise diligence in service of process of Plaintiff's Petition is a
continuous one, extending until service is obtained by anyone acting on the
Plaintiff's behalf.


"Due diligence" means that standard of diligence to procure service which an
ordinarily prudent person would have used under the same or similar
circumstances. The duty to use due diligence continues from the date suit is filed
until Defendant is served.


Answer: "Yes" or "No."


Answer: No.



 The judgment rests upon the jury's answer to the foregoing question. Zimmerman
assails in five assignments of error the jury's "No" answer and one instruction accompanying the
question.


DISCUSSION AND HOLDINGS


 The running of the limitations period was interrupted or suspended by the filing of
Zimmerman's petition provided she exercised reasonable diligence in procuring issuance and
service of citation after filing her petition. Because Massoni was not served with citation within 
the limitations period and pleaded the bar of limitations, Zimmerman bore the burden of
explaining the four-month and twenty-two day delay between the date (April 9, 1997) she filed
her original petition, and the date (September 2, 1997) Massoni was served with citation. See
Murray v. San Jacinto Agency, Inc., 800 S.W.2d 826, 829-30 (Tex. 1990).

 To demonstrate "reasonable diligence," Zimmerman was required to show (1) that
she acted as an ordinary prudent person would act under the same circumstances, and (2) that she
so acted throughout, that is to say continuously from filing suit to the date Massoni received
service of citation. See Taylor v. Thompson, 4 S.W.3d 63, 65 (Tex. App.--Houston [1st Dist.]
1999, pet. denied). It was the particular duty of Zimmerman's attorney to evaluate continuously
the status of the various efforts to effect citation upon Massoni. See Weaver v. E-Z Mart Stores,
Inc., 942 S.W.2d 167, 169 (Tex. App.--Texarkana 1997, no pet.).

 The reasonableness of any delay in procuring service of citation is a question of fact
when the plaintiff offers a valid explanation for the delay. See, e.g., Witt v. Heaton, 10 S.W.3d
435, 437-38 (Tex. App.--Beaumont 2000, no pet.); Butler v. Ross, 836 S.W.2d 833, 836 (Tex.
App.--Houston [1st Dist.] 1992, no writ). It has been held as a matter of law, however, that
reasonable diligence was not shown in particular circumstances. See, e.g., Buie v. Couch, 126
S.W.2d 565 (Tex. Civ. App.--Waco 1939, writ ref'd) (something less than four-month lapse
between filing suit and issuance of citation, and one-month lapse between issuance and service of
citation); Taylor, 4 S.W.3d at 65 (four-month lapse between filing petition and service of citation,
coupled with request for issuance of citation only two days before expiration of limitations
period).

 In her first assignment of error, Zimmerman contends the evidence showed
conclusively or as a matter of law that she exercised due diligence in effecting service of citation 
on Massoni; and, in a second assignment of error, she contends the jury's "No" answer is so
against the great weight and preponderance of the evidence as to be manifestly unjust. We will
summarize the material evidence. It is found in the testimony of Zimmerman's attorney and
certain exhibits received in evidence as a result of the attorney's testimony.

 Zimmerman's attorney filed an original petition on April 9, 1997, directing that
Massoni be served with citation at his residence at 2020 Castleview in Austin--an address shown
for Massoni on an accident report prepared at the time of the collision by a police officer who
investigated the collision. The clerk issued the citation promptly on April 9, 1997. Zimmerman's
attorney engaged a private process server to effect service and make the return. About April 15
or 16, 1997, the process server telephoned Zimmerman's attorney and reported that after four
visits she had found no one at home at the Castleview address although the home appeared to be
occupied. Consequently, the process server had been unable to deliver the citation to Massoni
personally as authorized by Rule 106(a)(1) of the Texas Rules of Civil Procedure.

 On May 6, 1997, a little over twenty days later, Zimmerman's attorney filed a
motion requesting an order authorizing alternative service by leaving a citation with anyone over
age sixteen at the Castleview address, as authorized by Rule 106(b)(1). An order of that character
was signed May 22, 1997. The process server was unable to effect service of citation in that
manner. The date of any attempted service is not shown in the evidence.

 Zimmerman's attorney filed on June 19, 1997, a motion requesting an order for
alternative service by posting a citation to the door of the Castleview home, as authorized by Rule
106(b)(2). An order to that effect was signed June 26, 1997. About twelve days later, on July
9, 1997, the citation was posted on a door at the Castleview home.

 About July 11, 1997, an individual telephoned Zimmerman's attorney and identified
himself as the occupant of the home at 2020 Castleview. He reported that Massoni had moved
from that address some time before. The attorney then made a series of four telephone calls to
an adjuster for Massoni's liability insurer but was unable to obtain from him Massoni's current
address. The attorney mailed the adjuster a letter on July 17, 1997, again seeking to learn
Massoni's current address. The adjuster telephoned the attorney in "late July" and gave the
attorney Massoni's home address near Leander, Texas. Zimmerman's attorney prepared an
amended petition alleging the Leander address as a location where Massoni might be served with
citation. She signed and dated the amended petition August 19, 1997. (1) The attorney testified the
amended petition was "filed with the court on August 22nd." (2) She requested issuance of a citation
on August 25, 1997. (3) It was issued that day and on September 2, 1997, delivered to Massoni in
person. He thereafter appeared in the cause by filing a written answer.

 The foregoing narrative reflects several delays a jury might consider important in
assessing the reasonableness of the attempts to serve Massoni with citation: a lapse of about
twenty days between the date (April 15 or 16, 1997) the process server reported she was unable
to deliver citation to Massoni personally at the Castleview home and the date (May 6, 1997)
Zimmerman's attorney requested the first order for alternative service; a lapse of sixteen days
between the date (May 6, 1997) the order was requested and the date (May 22, 1997) the order
was signed; the lapse of an indefinite period of time between an unspecified date the first mode
of alternative service was attempted and June 19, 1997, when Zimmerman's attorney requested
a second order for alternative service; a lapse of twelve days from the date (June 26, 1997) the
order was signed for the second form of alternative service and the date (July 9, 1997) citation
was served in that fashion; and a lapse of some twenty-five days between the date ("late July")
Zimmerman's attorney first learned Massoni's current address in Leander, Texas, and the date
(August 25, 1997) the attorney requested issuance of citation and directed service at that address.

 On direct examination, Zimmerman's attorney explained the lapse of April 16 to
May 6, 1997, by stating she was preparing for trial in another case, in another county, that began
April 15 and finished "[a]t the end of April." When asked whether she had tried "to stay on top
of this case" after learning, about April 15 or 16, 1997, that personal delivery of citation could
not be obtained at the Castleview address, Zimmerman's attorney testified she "was doing
something, if you look at each date, approximately every week or two weeks on the case trying
to get service done." When asked what she was doing in that regard in August 1997, the attorney
testified she was involved in another case during that month, in yet another county, that lasted
"approximately two weeks." The dates of that trial were not specified in the evidence. The
attorney testified she instructed "the process server to use every effort to obtain service on Mr.
Massoni" and "also made many, many calls to the process server trying to get service."

 On cross-examination, Zimmerman's attorney conceded she did not attempt to learn
Massoni's current address through utility records, the driver's license and automobile-registration
records maintained by the Department of Public Safety, the mail-forwarding service of the post
office, or by contacting an individual who had been a passenger in Massoni's automobile when
the collision occurred. The attorney's paralegal reportedly made several telephone calls to
directory assistance in Austin attempting to learn Massoni's current address because the attorney's
office lacked an Austin telephone directory. The attorney conceded, however, that she had no
personal knowledge that these telephone calls were in fact made. Until she learned it was
incorrect, she relied throughout on the Castleview address reflected in the police accident report
because it was the only address she had; and, because of "privacy issues" she did not believe she
would be able to obtain Massoni's current address from the post office or by checking at the
Department of Public Safety for an address shown on a driver's license or automobile registration
record.

 We believe the jury could reasonably decline to find from the body of evidence that
Zimmerman's attorney exercised reasonable diligence. We refer for example to the lapses
mentioned above. While the attorney testified she was involved in other trials in other counties
during April and August 1997, she did not testify that no other attorney or employee in the office
of the attorney of record (the San Antonio firm of Yanta, Flores, and Korth, L.L.P.) was available
to search for Massoni's address, nor did she attempt to explain why she herself could not at some
point tend to the matter during the times she was not in trial during the periods April 16 to May
6, 1997, and "late July" to August 19, 1997. The same may be said of the other lapses--the jury
could reasonably view the lapses as being at most only partially explained in the attorney's
testimony. Nor did the attorney attempt to explain her persistence in relying throughout upon
Massoni's address as stated in the two-year-old accident report, or why her persistence in that
regard was reasonable in the circumstances. While she testified the Castleview address was the
only address she had, she did not attempt before July 1997 to verify that address or to search for
other addresses in some manner, save perhaps by her paralegal's reported telephone calls to
directory assistance in Austin. Because the attorney admitted she had no personal knowledge that
such calls were made, the jury were free to discount the claim that they were made. The jury
could rationally conclude that a reasonable person in the attorney's position, in the circumstances
established by the evidence, would have contacted the adjuster much sooner after personal
delivery of citation failed in mid-April 1997. Finally, we cannot conclude the jury were
unreasonable if they believed the attorney's vague and conclusory remarks fell short of a real
explanation. We refer to the attorney's statement that she did "something" every week or two
weeks and her statement that she believed "privacy issues" would preclude her obtaining an
address by certain inquiries; to her accounting in part only for the major time lapses; and, to her
persistence over several months in regarding the Castleview address as the only place where
Massoni might be served with citation.

 We therefore hold the jury's "No" answer is not against the great weight and
preponderance of the evidence so as to be manifestly unjust; a fortiori Zimmerman did not
establish as a matter of law reasonable diligence in effecting service of citation after filing suit.

 In her next assignment of error, Zimmerman contends the jury's answer is
ambiguous because in the place provided for an answer the word "No" is superimposed, in
heavier, bolder letters, over the word "Yes." Zimmerman cites no authority for her contention. 
It is evident from the copy of the charge in the clerk's record on appeal that a "No" answer was
intended. We therefore cannot conclude the answer is ambiguous because contradictory in itself. 
More importantly, perhaps, the verdict was entered upon the minutes of the court. This raises
a presumption that the verdict was read aloud by the clerk, no juror objected to its accuracy, and
neither party requested a poll of the jury. (4) See Tex. R. Civ. P. 293. And by not objecting before
the jury were discharged, any error was waived. See Roling v. Alamo Group (USA), Inc., 840
S.W.2d 107, 109-10 (Tex. App.--Eastland 1992, writ denied); Torres v. Caterpillar, Inc., 928
S.W.2d 233, 244 (Tex. App.--San Antonio 1986, writ denied). We overrule the assignment of
error.

 Zimmerman complains in her next assignment of error that the trial court erred in
framing the question and instructions over her objection. The question and instructions inquire
about due diligence between the date suit was filed and the date Massoni was served with citation. 
Zimmerman contended for an instruction that made the relevant period of inquiry begin on the
date limitations would have expired and end on the date Massoni was served with citation. The
trial judge did not err, in our view, by rejecting Zimmerman's contention. It is contrary to the
principle involved.

 The applicable statute specified the filing of suit as the event that would suspend
or interrupt the running of limitations. See Tex. Civ. Prac. & Rem. Code § 16.003(a) (West
Supp. 2000). When a plaintiff files suit within the limitation period, but the defendant is served
with citation outside that period, the delayed service relates back by operation of law to the date
suit was filed, provided the plaintiff exercised reasonable diligence to effect such service after
filing suit. See, e.g., Murray, 800 S.W.2d at 830; Gant v. DeLeon, 786 S.W.2d 259, 260 (Tex.
1990); Zale Corp. v. Rosenbaum, 520 S.W.2d 880 (Tex. 1975); Rigo Mfg. Co. v. Thomas, 458
S.W.2d 180, 182 (Tex. 1970). We have found no authority for the idea that such service relates
back to, for example, the last day of the limitations period. We overrule the assignment of error.

 In her final assignment of error, Zimmerman contends the trial judge erred in
excluding certain testimony that would have been given by her attorney. The excluded testimony
would have established that the adjuster told Zimmerman's attorney that he had in his records the
same incorrect address of 2020 Castleview. The conversation occurred in "late July" 1997. 
Zimmerman argues the excluded evidence was "crucial" because it showed "that an ordinary,
prudent person under similar circumstances might have not found the correct address" because
Massoni's "own agent" did not have it. We doubt the logic of Zimmerman's theory. It assumes
the adjuster himself employed due diligence with regard to his records, a fact not established in
the evidence.

 More importantly, the trial judge did not abuse her discretion by excluding the
hearsay testimony. See Tex. R. Evid. 801, 802. Even if one assumes the logic of Zimmerman's
contention, and assumes the hearsay was admissible on some ground, we cannot conclude any
error was reversible error. We do not believe, based on the entire record, that the question of
reasonable diligence was controlled by the excluded testimony so as to be dispositive of the case. 
See Jamail v. Anchor Mortg. Servs., Inc., 809 S.W.2d 221, 223 (Tex. 1991); New Braunfels
Factory Outlet Ctr., Inc. v. IHOP Realty Corp., 872 S.W.2d 303, 310 (Tex. App.--Austin 1994,
no writ). We hold accordingly.

 Finding no reversible error, we affirm the judgment.



 
 

 John E. Powers, Justice

Before Justices Jones, Yeakel and Powers*

Affirmed

Filed: July 27, 2000

Do Not Publish Released for publication December 14, 2000. Tex. R. App. P. 47.3(c).





* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. A copy of the amended petition is in the clerk's record. It reflects that the attorney did
indeed sign the pleading on August 19, 1997; however, the clerk's file mark reflects the pleading
was filed May 25, 1997, a date several months before the pleading was signed. Nothing in the
record explains the irregularity.
2. The clerk's record does not reflect that any document was filed in the cause during
August 1997. It does reflect that a citation was issued on August 25, 1997, for service on
Massoni at his Leander, Texas, address.
3. See supra note 2.
4. We have before us only a partial reporter's record, which raises a presumption that it
is the entire record for purposes of Zimmerman's assignments of error. See Tex. R. App. P.
34.6(c)(4). Neither party contends the missing parts of the reporter's record contain anything
material on appeal.



ly: CG Times"> The applicable statute specified the filing of suit as the event that would suspend
or interrupt the running of limitations. See Tex. Civ. Prac. & Rem. Code § 16.003(a) (West
Supp. 2000). When a plaintiff files suit within the limitation period, but the defendant is served
with citation outside that period, the delayed service relates back by operation of law to the date
suit was filed, provided the plaintiff exercised reasonable diligence to effect such service after
filing suit. See, e.g., Murray, 800 S.W.2d at 830; Gant v. DeLeon, 786 S.W.2d 259, 260 (Tex.
1990); Zale Corp. v. Rosenbaum, 520 S.W.2d 880 (Tex. 1975); Rigo Mfg. Co. v. Thomas, 458
S.W.2d 180, 182 (Tex. 1970). We have found no authority for the idea that such service relates
back to, for example, the last day of the limitations period. We overrule the assignment of error.

 In her final assignment of error, Zimmerman contends the trial judge erred in
excluding certain testimony that would have been given by her attorney. The excluded testimony
would have established that the adjuster told Zimmerman's attorney that he had in his records the
same incorrect address of 2020 Castleview. The conversation occurred in "late July" 1997. 
Zimmerman argues the excluded evidence was "crucial" because it showed "that an ordinary,
prudent person under similar circumstances might have not found the correct address" because
Massoni's "own agent" did not have it. We doubt the logic of Zimmerman's theory.