An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ANDREW HALL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64257

**FILED**

MAY 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY ___S. Young___
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant Andrew Hall argues that the district court erred by denying his petition, in which he alleged that counsel was ineffective during the juvenile proceedings as well as during the district court proceedings. To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Both components of the inquiry must be shown. *Strickland*, 466 U.S. at 697. We give deference to the court's factual findings if supported by substantial evidence and not clearly erroneous but

SUPREME COURT
OF
NEVADA

(O) 1947A

14-15268

review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, Hall claims that counsel was ineffective during the juvenile proceedings for failing to appeal the Certification to Adult Status Order. We conclude that the district court did not err by denying this claim. By pleading guilty to felony charges, Hall waived his challenge to the juvenile proceedings. *See Reuben C. v. State*, 99 Nev. 845, 846, 673 P.2d 493, 493-94 (1983) ("[A] challenge to the juvenile proceedings which resulted in the filing of felony charges against [the juvenile] is precluded by the entry of a plea of guilty to those charges."); *see also Powell v. Sheriff, Clark Cnty.*, 85 Nev. 684, 687, 462 P.2d 756, 758 (1969).

Second, Hall claims that counsel was ineffective during the district court proceedings for failing to appeal the judgment of conviction. At an evidentiary hearing, Hall testified that he did not request counsel to file an appeal or tell counsel he was unhappy with his sentence. *See Toston v. State*, 127 Nev. ___, ___, 267 P.3d 795, 800 (2011) (holding that trial counsel has a duty to file a direct appeal when a client requests one or when the client expresses dissatisfaction with his conviction and sentence). Counsel testified that Hall did not ask him to file an appeal and did not give the impression that he wanted to appeal. Counsel further testified that he did not believe there were any meritorious issues to raise on appeal. The district court determined that Hall failed to demonstrate that counsel was ineffective. Because the district court's findings are supported by substantial evidence and we agree with the district court's

determinations, we conclude that it did not err by denying this claim. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Michelle Leavitt, District Judge
       Bush & Levy, LLC
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A